ANNA P. COSLICK, joined by her husband, GEORGE COSLICK, *Petitioners*, vs. O. W. FINNEY, *Respondents.*

140 So. 216.

Division B.

Opinion filed March 3, 1932.

*Spear, Viney, Skelton & Pierce,* for Petitioners; *Huffaker & Edwards,* for Respondent.

TERRELL, J.—In September, 1926, O. W. Finney instituted a common law action in the Circuit Court of Polk County against Mrs. A. G. Coslick, formerly Mrs. A. G. Porter, joined by her husband, George Coslick, claiming damages in the sum of $2000 for the breach of covenants in contracts for the sale of real estate. Default was entered against the Coslicks on the Rule Day in March, 1927, for failure to appear and plead to the declaration. In April, 1927, the clerk of the Circuit Court entered judgment against the defendants in the sum of $1360 principal, $130.58 interest, and costs in the sum of $12.97. Execution was issued and levied on lands owned by the defendants by the entireties in Pinellas County. Notice of sale of said lands was advertised, sale was held, the lands were bought in by Finney, and sheriff's deed for them was duly executed to him.

In July, 1929, more than two years after the judgment, the Coslicks exhibited their bill of complaint in the Circuit Court of Polk County alleging that the said judgment was void and praying that it be set aside and vacated. A demurrer to the bill of complaint was sustained. In October, 1929, the Coslicks moved to dismiss said bill of complaint without prejudice and immediately thereafter filed on the common law side of the docket their motion to vacate and set aside said judgment because the clerk was without power to enter it. The latter motion was denied, as was the motion to dismiss without prejudice, but on failure to amend the bill was dismissed.

Having failed in their purpose in both the chancery and common law causes the Coslicks, as petitioners, filed their petition in this Court for writ of certiorari, commanding that the record in both causes be certified to this Court for the purpose of adjudicating the validity of the judgment complained of. The writ was granted

and the cause is now before us on the motion of respondent to quash the writ.

Several questions are presented on the motion to quash but we deem it expedient to consider only the question of whether or not certiorari will lie under the facts presented and whether or not the clerk was authorized to enter the judgment complained of.

The rule is well settled in this state that certiorari will not lie to an inferior court from this Court if the petitioner has an adequate remedy by appeal or writ of error. Halliday vs. Jacksonville and Alligator Plank R. Co., 6 Fla. 304; Basnet vs. City of Jacksonville, 18 Fla. 523; Edgerton vs. Green Cove Springs, 18 Fla. 528; Jacksonville T. & K. W. Ry. Co. vs. Boy, 34 Fla. 389, 16 So. 398; Harrison vs. Frink, 75 Fla. 22, 77 So. 663.

In Atlantic Coast Line R. R. Co. vs. Florida Fine Fruit Co., 93 Fla. 161, 112 So. 66, we held that where no direct appellate proceedings are provided by law certiorari will lie to an inferior court when it has exceeded its jurisdiction or has not proceeded according to the essential requirements of law. American Ry. Exp. Co. vs. Weatherford, 84 Fla. 264, 93 So. 740. This holding is in the nature of an exception to the general rule and has no application to the case at bar.

The judgment brought here for review was entered by the Clerk of the Circuit Court pursuant to Section 2622 Revised General Statutes of 1920 (Section 4288 Compiled General Laws of 1927). Every valid judgment must be predicated on three essential factors, viz., power to enter, jurisdiction of the parties, and jurisdiction of the subject matter. Only the power of the clerk to enter the judgment is questioned in this case. The other two factors, jurisdiction of the parties, and subject matter appear to be admitted.

In entering a judgment under Section 2622 supra the clerk acts merely as a ministerial officer. The amount of

the judgment must be fixed by contract or agreement. He has no power to enter a judgment that depends on extrinsic evidence dehors the contract or agreement to determine its amount, neither may he enter judgment in cases where justiciable though conflicting rights or issues are presented involving discretion and power to adjudicate them. Smith vs. Wilson, 71 Fla. 624, 71 So. 919; Parker vs. Dekle, 46 Fla. 452, 35 So. 4.

The judgment assailed has been examined and every prerequisite authorizing the clerk to enter it was present. A default legally predicated had been entered against the defendants. The action was to recover installments paid on written contracts to sell real estate, the contracts having been breached by the defendants. The date and amount of each installment was credited on the contracts. Computation of the amount of the installments was the simplest mathematical process and the judgment recites that the original contracts and sworn statement of account on which the judgment was based were produced and filed in court. Nothing more was required to make a valid judgment.

The clerk was, therefore, empowered to enter the judgment and being valid, the writ of certiorari was improvidently granted and is hereby quashed. Even if the judgment had been void the writ was improperly granted because petitioners had a full and complete remedy by writ of error. Kroier vs. Kroier, 94 Fla. 1208, 116 So. 753, 95 Fla. 865, 116 So. 652.

Writ of certiorari quashed.

WHITFIELD, P.J., AND DAVIS, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.