H. J. LANEY v. J. ROSCOE HOLBROOK, Chairman, and IRA J. JOHNSTON and JULIAN SADLER, members of and constituting the Board of Public Instruction of Orange County, Florida; and JUDSON B. WALKER, as Superintendent of Public Instruction of Orange County, Florida; and E. L. MATTHEWS, Chairman, and MRS. MALLORY WELCH and V. W. HAYGOOD, members of and as and constituting the Board of Trustees of Special Tax School Dist. No. 3, of Orange County, Florida.

6 So. (2nd) 623 Division A
March 6, 1942

George Palmer Garrett, for petitioner.
G. B. Fishback, for respondents.

BUFORD, J.:

In this case it is sought to have this Court review on certiorari the judgment of the Circuit Court of Orange County entered on petition for certiorari from that court to review the action of the Board of Public Instruction of Orange County acting under authority of Chapter 18743, Acts of 1937.

Section 6 of Chapter 18743, Acts of 1937, provides the procedure for reviewing the finding of the Board. The decision of the Board may be reviewed by the circuit court by certiorari or by any other appropriate proceeding allowed by law. If review is by certiorari it must be taken within 30 days after the decision of the Board is rendered. No provision is made in the Act for taking the case from the circuit court to the Supreme Court, so the law of this state in other cases generally would be applicable.

In the case of Edgerton v. Mayor, etc., of Green Cove Springs, 18 Fla. 528, the proceedings of the Mayor and Aldermen of the Town of Green Cove Springs authorizing certain street improvements were sought to be reviewed by the circuit court on certiorari. The writ of certiorari was quashed by the circuit court. Then it was sought to have the proceedings reviewed by the Supreme Court on certiorari. The Supreme Court quashed the writ. The Court speaking through Mr. Justice Wescott said:

"The case thus presented is a *certiorari* to a *certiorari*. The *certiorari* from this Court goes to the Circuit Court, and it is its proceedings that are returned here. By the plaintiff, Edgerton, here it is discussed as though it was a *certiorari* to the town of Green Cove Springs, and the Mayor and Aldermen of Green Cove

Springs treat the case in their brief as if it was an appeal at law and they were the appellees.

"We had occasion in the case of Basnett v. The City of Jacksonville, decided at this term, to state our views in reference to a common law *certiorari*. We there held that such a *certiorari* does not serve the purpose of a writ of error or appeal with a bill of exceptions as known to our practice, and that if the Circuit Court has jurisdiction, and there is no irregularity or illegality in the procedure, the record of which is brought to this court, the *certiorari* must be quashed.

"In this case the Circuit Court had jurisdiction, and there is nothing illegal in the practice or procedure adopted by it. We think that the proper method of bringing the action of the Circuit Court in the matter of a *certiorari* to this Court for review is an appeal at law or a writ of error, and if this be so the *certiorari* for that reason should, as a general rule, be dismissed. 6 Fla. 304. This is the rule in many of the states. Such proceeding in the Circuit Court is a proceeding according to the course of the common law, for it is principally from this source that the Circuit Court determines the effect of a common law *certiorari,* and the general rule is that a writ of error lies to proceedings had according to the course of the common law, while a *certiorari* lies to proceedings of a different character. Again it is to be recollected that the Circuit Court in issuing a *certiorari* is exercising a jurisdiction concurrent with this Court in the same manner as it does when it decides a case of mandamus or *quo warranto.*"

The second headnote in that case is:

"The proper method of reviewing the proceedings of the Circuit Court upon a certiorari issued by it is not

a *certiorari* but an appeal at law or writ of error, and the general rule is that where an appeal lies a *certiorari* will not be granted. . . ."

In the case of Coslick v. Finney, 104 Fla. 394, 396, 140 So. 216, the Court said:

"The rule is well settled in this State that certiorari will not lie to an inferior court from this Court if the petitioner has an adequate remedy by appeal or writ of error. Halliday v. Jacksonville and Alligator Plank R. Co., 6 Fla. 304; Basnet v. City of Jacksonville, 18 Fla. 523; Edgerton v. Green Cove Springs, 18 Fla. 528; Jacksonville T. & K. W. Ry. Co. v. Boy, 34 Fla. 389, 16 So. 398; Harrison v. Frink, 75 Fla. 22, 77 So. 663."

In the case of Young v. Stoutamire, 131 Fla. 535, 544, 179 So. 797, the Court quoted from Seaboard Air Line Ry. v. Ray, 52 Fla. 634, 637, 42 So. 714, as follows:

"Certiorari is a common law writ which issues in the sound judicial discretion of the court to an inferior court, not to take the place of a writ of error or an appeal, but to cause the entire record of the inferior court to be brought up by a certified copy for inspection, in order that the superior court may determine from the face of the record whether inferior court has exceeded its jurisdiction, or has not proceeded according to the essential requirements of the law, in cases where no direct appellate proceedings are provided by law. Basnet v. City of Jacksonville, 18 Fla. 523; Edgerton v. Mayor etc., 18 Fla. 528; Jacksonville T. & K. W. Ry. Co. v. Boy, 34 Fla. 389, 16 South. Rep. 290; Mernaugh v. City of Orlando, 41 Fla. 433, 27 South. Rep. 34."

In the case of Deans v. Wilcoxson, 18 Fla. 531, the Court said:

"The Supreme Court has jurisdiction on appeal to review proceedings of the circuit court on certiorari to the county court."

In the case of Louisville & N. R. Co. v. Sutton, 54 Fla. 247, 44 So. 946, the Court held:

"The proceedings of the Circuit Court on certiorari are reviewable by the Supreme Court on writ of error."

So petition for writ of certiorari is denied without prejudice to petitioner to proceed otherwise as he may be advised.

So ordered.

BROWN, C. J., WHITFIELD, and ADAMS, JJ., concur.