BOARD OF EDUCATION, CENTRAL SCHOOL DISTRICT No. 1 OF THE TOWN OF GRAND ISLAND, Respondent, v. ROBERT D. HELSBY et al., Constituting the Public Employment Relations Board, Appellants, and GRAND ISLAND TEACHERS ASSOCIATION, Intervenor-Appellant.

Fourth Department, December 2, 1971.

494

*Jerome Lefkowitz, Martin L. Barr, Jerome Thier* and *Robert J. Miller* for appellants.

*Sneeringer & Rowley (James R. Sandner* of counsel), for intervenor-appellant.

*Moot, Sprague, Marcy, Landy & Fernbach (Norman E. Joslin* of counsel), for respondent.

GABRIELLI, J.  This proceeding brought pursuant to article 78 of the CPLR challenges the statutory authority and jurisdiction of the Public Employment Relations Board (PERB) to entertain and act upon an "improper practice" charge by which it is alleged that the petitioner Board of Education (Board) dismissed five probationary teachers "solely because of their activity in support of the Grand Island Teachers' Association (GITA) in violation of the Public Employees' Fair Employment Act or their membership in the same".  This act is established

by article 14 of the Civil Service Law and is popularly known as the Taylor Law. In 1969, GITA, the duly recognized negotiating representative for the teachers in the Grand Island Central School District, entered into a contract with petitioner providing for the terms and conditions of employment for the teaching personnel. The contract specifically recognized the teachers' right to organize and negotiate with petitioner regarding all employment relations with the Board.

In April, 1970 petitioner notified these five nontenured teachers that their teaching contracts would terminate with the school year ending June, 1970. Thereafter an improper practice charge was filed on their behalf with PERB upon the stated ground that petitioner had improperly dismissed these teachers for the sole reason that they had been active in their support of GITA. Thereupon petitioner commenced this proceeding, seeking a determination declaring that PERB did not have jurisdiction to consider the dismissal of the probationary teachers and, further a permanent injunction restraining PERB from proceeding with the improper practice charge.

From an adverse judgment granted by Special Term, PERB and GITA have appealed and the central issue created herein is whether PERB is authorized to hear such an improper practice charge alleging that the dismissals were acts of reprisal against the teachers' legitimate union activities — or, to put it another way — whether PERB may proceed to hear charges based on a claimed deprivation of certain statutory and constitutional rights enjoyed by all teachers. We have concluded that PERB is cloaked with the authority to proceed to hear and act upon the charge here leveled.

School teachers, whether probationary or tenured, are public employees (Civil Service Law, § 201, subd. 8) and, as such " have the right to form, join and participate in * * * any employee organization of their own choosing " (Civil Service Law, § 202). In this connection, petitioner concedes that all teachers have such rights and, further, that their employment may not be terminated because of participation in such employee organization. Petitioner further acknowledges that if PERB has jurisdiction over the subject matter of this proceeding, it should not be enjoined from considering the charge filed against petitioner. In passing, we take note of Special Term's reliance on the provisions of section 3020-a of the Education Law which specifies certain procedural provisions in dismissal proceedings. This section, however, has no application here since it refers only to tenured teachers. In the main, petitioner now challenges PERB's jurisdiction on the ground

that the traditional authority to review teacher dismissals has rested in article 78 proceedings or in the Commissioner of Education under subdivision 4 of section 3013 of the Education Law (repealed by L. 1970, ch. 717, § 12, eff. July 1, 1970, but in effect at the time of the dismissals herein).

However, we are quick to point out that the Legislature, in enacting subdivision 1 of section 209-a of the Taylor Law, specifically declared the invalidity of the alleged improper practice which is the concern of the issue on this appeal, when it stated that: " It shall be an improper practice for a public employer or its agents deliberately (a) to interfere with, restrain or coerce public employees in the exercise of their rights guaranteed in section two hundred two for the purpose of depriving them of such rights * * * (c) to discriminate against any employee for the purpose of encouraging or discouraging membership in, or participation in the activities of, any employee organization " and, at the same time granted PERB the power to establish procedures for the prevention of such public employer practices and mandated that it " shall exercise exclusive nondelegable jurisdiction " of the powers therein conferred upon it. (Civil Service Law, § 205, subd. 5 par. [d].)

We are mindful of the holdings in several cases that the services of a probationary teacher may be discontinued without assigning any reason therefor (*Matter of Pinto* v. *Wynstra,* 22 A D 2d 914; *Matter of Grace* v. *Board of Educ. of City of N. Y.,* 19 A D 2d 637; *Matter of Hickey* v. *Carey,* 275 App. Div. 964), but each of these cases predated the enactment of the Taylor Law. That the Commissioner of Education or Board has broad discretion in many areas in the employment of teachers, is well known, but there is no reason to believe that this discretion is boundless, particularly when the protection of constitutional and statutory rights is involved. Neither does it follow the PERB is without jurisdiction simply because the Commissioner is cloaked with the power of review (cf. *Matter of Board of Higher Educ. of City of N. Y.* v. *Carter,* 14 N Y 2d 138). Since the Legislature created a new right for public employees to engage freely in employee organizations and prohibited public employers, including school boards, from discriminating against a teacher for the purpose of discouraging the free exercise of this right, it is reasonable to conclude that it was the intendment of the Taylor Law to provide that PERB should exercise State-wide jurisdiction over improper labor practices in *all* sectors of public employment (*City of Rochester* v. *Campbell,* 123 N. Y. 405, 414; McKinney's Cons. Laws of N. Y., Book 1, Statutes, § 240).

The legislatively declared right of public employees to participate in any employee organization (Civil Service Law, § 202) is consonant with the right which the Fourteenth Amendment affords as a protection to all persons by limiting the power of States to interfere with the First Amendment right of freedom of speech and association (*Shelton* v. *Tucker,* 364 U. S. 479) and any public employment, including academic employment, may not be subject to the surrender of the right of association (*Keyishian* v. *Board of Regents,* 385 U. S. 589, 605). If the dismissal of a teacher amounts to an interference with this right, then the action of a board of education cannot stand unless it is shown with clarity that the board's regulation of the teacher's conduct is motivated not with a desire to interfere with any constitutional right but, within such bounds, to legally benefit the school system (*Pickering* v. *Board of Educ.,* 391 U. S. 563; *Keyishian* v. *Board of Regents, supra*). In this regard the statement of the court in *Matter of Tischler* v. *Board of Educ., Monroe Woodbury Cent. School Dist. No. 1* (37 A D 2d 261, 264) is most appropriate to the issue before us, wherein Mr. Justice GULOTTA, writing for an unanimous court said: '' The petition in the case at bar goes further than the constitutional limitations. It alleges facts which, if proved, would show a violation of the Taylor Law (Civil Service Law, art. 14). In the face of the clear public policy of this State as set forth in that enactment, a school board may not discriminate against teachers for exercising their right to belong to or participate in a teachers' union. It is no answer to say that this is being done in the name of the efficient operation of the school district. Public policy is to the contrary.''

We are persuaded to observe and conclude that one of the main aims of the Taylor Law is to assure that the efficiency of teachers (and other public employees) will be promoted by securing their right to organize. Any procedure permitting a school board to dismiss a teacher in retaliation for such activity would frustrate this well-founded policy. A contrary view might well permit dismissals for union activities prior to reaching tenure status and thus effectively discourage constitutionally protected rights. While the conclusion reached in *Matter of Helsby* v. *Board of Educ., Cent. School Dist. No. 2, Town of Claverack* (34 A D 2d 361, 363) is contrary to that which we announce herein, we observe that the court there, nonetheless, stated that: '' It should be noted that pursuant to the case law governing the dismissal of probationary teachers for the purpose of denying tenure, it would appear *that unless such dismissal was solely occasioned by the denial of a constitutional or*

*statutory right,* a school district cannot be directed to reinstate a teacher when such direction would necessarily result in a grant of tenure. (*Matter of McMaster* v. *Owens* [275 App. Div. 506]; *Matter of Boyd* v. *Collins,* 11 N Y 2d 228.) " (emphasis supplied) and thus, by implication, agreed that if the dismissal of a probationary teacher " was solely occasioned by the denial of a constitutional or statutory right ", the school board could be directed to reinstate the teacher.

We do not intend that our determination be interpreted to hold, and we do not hold, that membership or activity in an employee organization precludes the dismissal of a probationary teacher for otherwise legitimate reasons. A board of education must continue to maintain broad discretion, based upon objective standards, to insure that a qualified faculty is maintained. We do hold, however, that PERB is cloaked with the power to determine factually whether the action of the Board of Education in dismissing the teachers was a retaliatory measure taken because of employee organization activities.

The judgment should be reversed on the law, petitioner's application to enjoin PERB from entertaining the improper practice charge should be denied and the petition dismissed.

WITMER, J. P., MOULE and HENRY, JJ., concur.

Judgment unanimously reversed on the law, with costs, and petition dismissed.