346 So.2d 644 (1977)
Barbara J. SEITZ, Appellant,
v.
DUVAL COUNTY SCHOOL BOARD, Appellee.
No. CC-57.
District Court of Appeal of Florida, First District.
June 7, 1977.
Rehearing Denied June 22, 1977.
*645 Sidney L. Matthew, Tallahassee, for appellant.
Dawson A. McQuaig, William Lee Allen, Eva D. Peck and Wesley L. Smith, Jacksonville, for appellee.
SMITH, Judge.
Seitz appeals from a Duval County circuit court judgment reviewing and affirming on petition for certiorari an order of the Duval County School Board dismissing Seitz, a tenured teacher. The proceeding arises under the Duval County Teachers' Tenure Act, Chapter 21197, Laws of Florida (1941). The circuit court had jurisdiction pursuant to that Act to review the School Board's order by petition for certiorari. Alford v. Duval County School Board, 324 So.2d 174 (Fla. 1st DCA 1975).[1] We have jurisdiction of the appeal. Laney v. Holbrook, 149 Fla. 670, 6 So.2d 623 (1942); Article V, Section 4(b)(1), Constitution of Florida; Florida Hotel & Rest. Comm'n v. Dowler, 99 So.2d 852 (Fla. 1958).
After a full hearing, the School Board ordered Seitz dismissed on two grounds: (1) Seitz' insubordination in refusing to meet and confer with her principal in his office "regarding her leaving a class unattended," her refusal having been grounded on the principal's unwillingness to permit a teachers' union representative  another teacher at the same school  to attend the conference; and (2) Seitz' unreasonable absence from and her refusal or inexcusable failure to perform her duties by leaving classes unattended, taking students from the campus without authority and ordering students to leave her classroom and sit in the *646 hallway in violation of school policy.[2] The reviewing circuit court found substantial competent evidence to support the Board's findings on the second ground. We agree.
Having determined that Seitz was properly dismissed for her absence from the performance of her duties and her refusal or inexcusable failure to discharge those duties, the circuit court found it unnecessary to pass on Seitz' substantive defense to the insubordination charge: that the Florida Public Employees Relations Act (PERA), Section 447.501(1)(a), Florida Statutes (1975), prohibits public employers from interfering with, restraining or coercing employees in their exercise of the right to engage in "concerted activities for ... mutual aid or protection," Section 447.03, which Seitz urges includes the right of union presence in a supervisor's conference which the employee reasonably apprehends will result in disciplinary action. See NLRB v. Weingarten, Inc., 420 U.S. 251, 95 S.Ct. 959, 43 L.Ed.2d 171 (1975).[3] After the Board's dismissal proceedings began, but before the hearing, Seitz filed with PERC an unfair labor practice charge alleging the Board's proceedings coerced her in the exercise of a PERA-secured right. Section 447.503, Florida Statutes (1975). PERC's denial of the Board's motion to dismiss that charge is the subject of the Board's petition for interlocutory review now pending before us in a companion case, Duval County School Board v. Seitz and PERC, No. FF-254, 346 So.2d 647.
The contract negotiated by Seitz' union with the Board contains no provision for attendance by a union representative at a principal's conference such as Seitz was summoned to, although the union sought such a provision in negotiations. Therefore Seitz had no right of union presence at the principal's conference unless that right is extended by PERA as a matter of policy to all public employees. Though we could decide that substantive issue of law, which is properly presented by Seitz' appeal in this case, it is more appropriate that we defer to and await PERC's prior determination of the issue in proper agency proceedings. Section 447.207, Florida Statutes (1975); Maxwell v. School Board of Broward County, 330 So.2d 177 (Fla. 4th DCA 1976); PERC v. Fraternal Order of Police, etc., 327 So.2d 43 (Fla. 2d DCA 1976). Any inconvenience in our bifurcation of the issues into proceedings before the Board and PERC, operating in their respective jurisdictions, is outweighed by the benefit of preserving PERC's primary authority to initially define and implement public employees' substantive rights under PERA. See Town of Dedham v. Labor Relations Commission, 365 Mass. 392, 312 N.E.2d 548 (1974); Board of Education v. Helsby, 37 A.D.2d 493, 326 N.Y.S.2d 452 (1971).
Our deference to PERC's primary jurisdiction of Seitz' substantive claims under Weingarten does not require or permit that we dispose of Seitz' appeal in this case without regard for the School Board's finding that Seitz was insubordinate in refusing to attend the principal's conference. We have no assurance that the School Board would have discharged Seitz, rather than suspending her or imposing another lesser sanction, absent the finding of insubordination.
The School Board was justified in discharging Seitz. Her substantive claim to the right of union presence at the principal's *647 conference was when made and is now unrecognized in Florida. It had no foundation in her contract. Seitz acted knowingly and with union advice when she refused to confer alone with her principal on matters critical to her duties. She had the clear opportunity to assert her conceived right, acquiesce in the principal's decision under protest, participate in the conference unattended, and preserve a claim that the conference was coerced in violation of PERA and was an unfair labor practice. Thus, without sacrificing her opportunity to vindicate her asserted right and those of other public employees, she might have acknowledged the concomitant right and duty of the School Board, through its principal, to inquire into her derelictions as a teacher. Instead, Seitz chose unnecessarily to frustrate the Board's claim of right in order to satisfy her own, thereby exacerbating disharmony which she created. We will grant Seitz no remedy for the consequence. Her insubordination in unnecessarily declaring herself free of accountability for violations of school policy, coupled with her subsequent absence once again from class, fully justified dismissal.
We do not here foreclose PERC's consideration of Seitz' claim that the Board, by denying her a substantive right secured by PERA, committed an unfair labor practice which should be remedied otherwise than by reinstatement.[4] In the companion case, therefore, we have today denied the School Board's petition for review of PERC's order denying the Board's motion to dismiss the unfair labor practice charge. Duval County School Board v. Seitz and PERC, 346 So.2d 647, No. FF-254 (Fla. 1st DCA). When final agency action has been taken, that and other interlocutory orders and the final order may appropriately be reviewed, if necessary, in accordance with Section 120.68 and the principles of McDonald v. Dep't of Banking & Finance, 346 So.2d 569 (Fla. 1st DCA 1977).
We have considered Seitz' other points on appeal in light of the record. There is no error in the circuit court's judgment.
AFFIRMED.
MILLS, Acting C.J., and ERVIN, J., concur.
NOTES
[1] We held in Alford that the Administrative Procedure Act, ch. 120, Fla. Stat. (Supp. 1976) supplanted the administrative and review procedures provided by Florida Statutes (1973) but not those prescribed by the Duval County Teachers' Tenure Act, a special act.
[2] Causes for discharge under the special act include "[i]mmoral character or conduct, insubordination, or physical or mental incapacity to perform the duties of the employment" and "[e]xcessive or unreasonable absence from the performance of duties imposed by the employment, or refusal or inexcusable failure to discharge the duties of such employment." Ch. 21197, § 4(a), (c), Laws of Florida (1941).
[3] Weingarten sustained the NLRB's decision, construing Sections 7 and 8(a)(1) of the NLRA, 29 U.S.C. §§ 157, 158(a)(1) (1970), that the right of an industrial employee to engage in "concerted activities for ... mutual aid or protection" includes the right "to refuse to submit without union representation to an interview which he reasonably fears may result in his discipline... ." 420 U.S. at 256, 95 S.Ct. at 963, 43 L.Ed.2d at 177.
[4] Neither do we pass on the question of Seitz' standing before PERC to file the unfair labor practice charge. See § 447.503(1), Fla. Stat. (1975), authorizing unfair labor practice proceedings "[w]henever it is charged by an employer or an employee organization... ." But see Fla. Admin. Code Rule 8H-4.01.