366 So.2d 119 (1979)
Barbara SEITZ, Appellant,
v.
DUVAL COUNTY SCHOOL BOARD, Appellee-Cross Appellant, and
Public Employees Relations Commission, Appellee.
No. JJ-365.
District Court of Appeal of Florida, First District.
January 4, 1979.
Rehearings Denied January 31, 1979.
*120 Sidney L. Matthew, Tallahassee, for appellant.
Dawson A. McQuaig, William Lee Allen and Eve Dunkerley Peck, Jacksonville, for appellee-cross appellant.
Michael M. Switzer, William E. Powers, Jr., Tallahassee, for appellees.
BOYER, Acting Chief Judge.
Seitz appeals a portion of an order rendered by the Public Employees Relations *121 Commission (PERC) disallowing back pay and reinstatement. The School Board cross appeals that portion of the order holding it an unfair labor practice not to allow a union representative at a teacher's conference with a principal and requiring the School Board to post notices it had violated the law.
Seitz was dismissed for cause in February 1976. She appealed the School Board's decision to the circuit court and that court affirmed. An appeal was taken to this court. This court upheld the School Board's action. Seitz v. Duval County School Board, 346 So.2d 644 (Fla. 1st DCA 1977). In that opinion, Judge Smith writing for this court stated:
"The School Board was justified in discharging Seitz. Her substantive claim to the right of union presence at the principal's conference was when made and is now unrecognized in Florida. It had no foundation in her contract. Seitz acted knowingly and with union advice when she refused to confer alone with her principal on matters critical to her duties. She had the clear opportunity to assert her conceived right, acquiesce in the principal's decision under protest, participate in the conference unattended, and preserve a claim that the conference was coerced in violation of PERA and was an unfair labor practice. Thus, without sacrificing her opportunity to vindicate her asserted right and those of other public employees, she might have acknowledged the concomitant right and duty of the School Board, through its principal, to inquire into her derelictions as a teacher. Instead, Seitz chose unnecessarily to frustrate the Board's claim of right in order to satisfy her own, thereby exacerbating disharmony which she created. We will grant Seitz no remedy for the consequence. Her insubordination in unnecessarily declaring herself free of accountability for violations of school policy, coupled with her subsequent absence once again from class, fully justified dismissal. "We do not here foreclose PERC's consideration of Seitz' claim that the Board, by denying her a substantive right secured by PERA, committed an unfair labor practice which should be remedied otherwise than by reinstatement. * * *" (346 So.2d 646 and 647, emphasis supplied)
We hold that PERC did not err in failing to order reinstatement and back pay to Seitz. This court's prior ruling in the proceeding above cited clearly precluded that remedy and established the law of the case. Further, we agree with that determination.
Concerning PERC's finding that the School Board was guilty of an unfair labor practice for refusing to allow a union representative at a principal's conference, a question which this court declined to consider in its prior opinion, we hold that the Public Employees Relations Act (PERA) as it existed in 1976 did not provide Seitz with standing to bring the charge nor did PERA contain the necessary language to provide Seitz with a substantive right to a union representative at a principal's conference.
In 1976, F.S. 447.503(1) authorized unfair labor practice proceedings "[w]henever it is charged by an employer or an employee organization ..." (emphasis supplied). Although Florida Administrative Code Rule 8H-4.01, in existence at that time, provided that an employee might also bring an unfair labor practice charge, we decline to follow that rule since it was invalid. A rule cannot be contrary to, nor enlarge, the provisions of the Florida Statutes. Therefore, Seitz did not have standing to bring an unfair labor practice charge in 1976.
PERC urges that Chapter 77-343, which amended F.S. 447.503(1), by allowing an unfair labor practice charge to be brought by a public employee is remedial and should be given retrospective effect. We disagree. A statute is presumed to be prospective in nature unless the legislature manifests a contrary intention in the statute itself. Fleeman v. Case, 342 So.2d 815 (Fla. 1977) In the Fleeman case, the Supreme Court declined to infer legislative intent either from a declaration of legislative *122 purpose or from one attempt to amend the proposed law in one chamber of the legislature and insisted that as a condition to retroactive application a declaration to that effect be made in the legislation under review. Accordingly, since there is no such express language in Chapter 77-343 we hold that Chapter 77-343 is inapplicable to the charge brought in this case.
PERC also urges that in Maxwell v. School Board of Broward County, 330 So.2d 177 (Fla. 4th DCA 1976), the court determined that PERA was remedial and could be applied to events which occurred before the enactment of the act. However, we read that case as simply holding that Chapter 74-100 which created PERA was remedial and confirmed existing rights: The court did not hold that every amendment to PERA, no matter when enacted, was remedial in nature.
The School Board was charged with interfering with the exercise of employee rights guaranteed by F.S. 447.301(1) and (2) of Chapter 447, Part II, Florida Statutes 1975 and engaging in unfair labor practices under F.S. 447.501(1)(a). We observe though that in 1976, F.S. 447.301 did not contain the words "to engage in concerted activities for the purpose of collective bargaining or other mutual aid or protection." That language (or other similar language having equivalent meaning) is necessary in order for the right to exist to have the company of a union representative at a principal's conference. The statute was amended by Chapter 77-343 to include those words. However, again, no language in that statute indicates that it was intended to have retrospective application. Therefore, the right to union representation at a conference with a principal where the employee reasonably anticipated disciplinary action did not exist in 1976.
PERC contends that F.S. 447.03 was applicable to this situation in 1976 through the language in F.S. 447.016 which was created by Chapter 74-100. F.S. 447.03, which is contained in Part I of Chapter 447 and was amended in Section 1 of Chapter 74-100 reads in part: "Employees shall have the right to ... engage in concerted activities, for the purpose of collective bargaining or other mutual aid or protection." Although Part II of Chapter 447, which was created by Chapter 74-100, did not include a specific guarantee of the right to "engage in concerted activities", F.S. 447.016(1)(a) did state that Public Employers were prohibited from interfering with rights guaranteed public employees "under this act". However, when F.S. 447.016 appeared in the 1974 Supplement to the Florida Statutes (as F.S. 447.501) the phrase "this act" had been modified to read "this part", a change apparently made by the statutory revision service. Nevertheless, PERC contends that the law which should be applied is the law as it appeared in Chapter 74-100. Therefore, PERC reasons that the term "this act" as used in F.S. 447.016 included F.S. 447.03 which granted employees the right "to engage in concerted activities ...". On the other hand, the School Board contends that the term "act" as used in F.S. 447.016 (Chapter 74-100) referred to the Public Employees Relations Act created in Section 3 of Chapter 74-100 and not the whole of Chapter 74-100. The Public Employees Relations Act became Part II of Chapter 447. We find the School Board's reasoning persuasive and must agree that the legislature did not intend to make F.S. 447.03 pertaining to private employees applicable to public employees through the use of the word "act" in F.S. 447.016.
Accordingly, that portion the order appealed disallowing back pay and reinstatement to Seitz is AFFIRMED. That portion of the order holding it an unfair labor practice not to allow a union representative at a teacher's conference with a principal in 1976 and requiring that the School Board post notices it had violated the law is REVERSED.
It is so ordered.
MILLS and BOOTH, JJ., concur.