# FLORIDA SOCIETY OF PROFESSIONAL LAND SURVEYORS v. DEPARTMENT OF PROFESSIONAL REGULATION, BOARD OF PROFESSIONAL ENGINEERS

### Case No. 84-2055R

State of Florida, Division of Administration Hearings

December 13, 1984

## APPEARANCES OF COUNSEL

**J. Stephen Menton, Akerman, Senterfitt & Eidson,** for petitioner.
**John J. Rimes, III,** Assistant Attorney General, for respondent.

## OPINION

WILLIAM J. KENDRICK, Hearing Officer.

This cause came on for consideration upon the prehearing stipulation of the parties, filed August 23, 1984, as well as the joint stipulation of the parties, filed December 5, 1984, to determine the validity of proposed Rule 21H-19.01(5)(c)1, Florida Administrative Code.

### BACKGROUND

By petition filed with the Division of Administrative Hearings on June 12, 1984, Petitioner, Florida Society of Professional Land Surveyors, challenged the validity of proposed Rule 21H-19.01(5)(c)1, F.A.C., which was proposed for adoption by the Respondent, Department of

Professional Regulation, Board of Professional Engineers. By prehearing stipulation, filed August 23, 1984, and joint stipulation filed December 5, 1984, the parties agreed to certain facts and to submit memoranda for consideration by the Hearing Officer. By virtue of the prehearing stipulation and the joint stipulation of the parties, there are no disputed issues of material fact involved in this proceeding.

## FINDINGS OF FACT

1. Petitioner, Florida Society of Professional Land Surveyors, is an organization incorporated under the laws of the State of Florida and comprised solely of land surveyors registered by the Board of Land Surveyors of the Department of Professional Regulation pursuant to Chapter 472, Florida Statutes. Petitioner is a professional organization that aids and contributes to the standards and practices of land surveying for the benefit of the general public.

2. On June 1, 1984, Respondent, Department of Professional Regulation, Board of Professional Engineers, published a notice in the Florida Administrative Weekly, Vol. 10, No. 22, of its intention to adopt proposed Rule 21H-19.01(5)(c)1.

3. Proposed Rule 21H-19.01(5)(c)1 provides:

(5) A professional engineer shall not commit misconduct in the practice of engineering. Misconduct in the practice of engineering as set forth in 471.033(1)(g), Florida Statutes, shall include but not be limited to:

(c) performing an engineering assignment when not qualified by training or experience in the field or discipline of professional engineering involved;

1. *A professional engineer shall not perform surveying other than "engineering surveying". The term "engineering surveying" as used in this rule is defined as surveys made to obtain data for planning, design, and execution of engineering projects or developments; and may be necessary for the planning, progress, and completion of any engineering services. These surveys include, but are not limited to, construction layout, topographic surveys, hydrographic surveys, quantity surveys, and special purpose surveys to the extent that all the afore-mentioned surveys relate to engineering services.*

4. Respondent has asserted as the specific authority for, and law implemented by, the proposed rule, Section 471,033(2), Florida Statutes.

5. In summarizing the purpose and effect of the proposed rule in its

notice published in the Florida Administrative Weekly, Respondent stated:

The purpose of the proposed rule is to set forth those areas in engineering surveying *which engineers* if qualified *will be permitted to perform* without being deemed to be acting outside their area of expertise and thus subject to discipline by the Florida Board of Professional Engineers. (Emphasis added)

6. Further, in summarizing the economic impact of the proposed rule, Respondent concluded:

The impact upon engineers will be minimal since the rule merely codifies those areas which the board believes are within the purview of engineers practicing engineering surveying and which reflect national standards since to the board's knowledge few if any engineers would deviate from the activities in question. There should be minimum impact upon the profession or the public.

7. The term "engineering survey" appears in only one section of Chapter 471. Section 471.005(4)(a), Florida Statutes, states:

"Engineering" includes the term "professional engineering" and means any service or creative work, the adequate performance of which requires engineering education, training, and experience, in the application of special knowledge of the mathematical, physical, and engineering sciences to such services or creative work as consultation, investigation, evaluation, planning, and design of engineering works and systems, planning the use of land and water, teaching of the principles and methods of engineering design . . . (and) . . . *engineering surveys* . . .; any of which embraces such services or work, public or private, in connection with any utilities, structures, buildings, machines, equipment, processes, work systems, projects, and industrial or consumer products or equipment of a mechanical, electrical, hydraulic, pneumatic, or thermal nature, insofar as they involve safeguarding life, health, or property, and including such other professional services as may be necessary to the planning, progress, and completion of any engineering services. (Emphasis added)

8. In January, 1984, Respondent proposed a rule similar to the challenged rule at issue in this case. That proposed rule, 21H-18.11(4), provided:

The term "Engineering Survey" as used in Section 471.005(4)(a), F.S., is defined as surveys made to obtain data for planning, design, and execution of engineering projects or developments; and may be

necessary for the planning, progress, and completion of any engineering services. These surveys include, but are not limited to, construction layout, topographic surveys, hydrographic surveys, quantity surveys, and special purpose surveys to the extent that all of the aforementioned surveys relate to engineering services.

Respondent asserted as the specific authority for, and law implemented by, the proposed rule, Section 471.005(4)(a), Florida Statutes.

9. A challenge to proposed Rule 21H-18.11(4) was duly filed with the Division of Administrative Hearings, bearing Case No. 84-0381R. On March 24, 1984, a final order was entered finding that the proposed rule constituted an invalid exercise of delegated legislative authority. An appeal from this order is currently pending before the First District Court of Appeal.

10. Respondent now seeks to promulgate essentially the same rule, by relying on the disciplinary rulemaking authority granted by Section 471.033(2), Florida Statutes.

11. By the parties' stipulation, the definition of "engineering surveying", as proposed by Rule 21H-19.01(5)(c)1, F.A.C., would include a number of areas of practice within the scope of land surveying as defined by Section 462.005(4)(a) and (b), Florida Statutes.

## CONCLUSIONS OF LAW

1. The Division of Administrative Hearings has jurisdiction over the parties to, and the subject matter of, this proceeding. Section 120.54(4), Florida Statutes.

2. Petitioner has standing to challenge the validity of the proposed amendment to Rule 21H-19.01, F.A.C. Petitioner is, or will be, substantially affected within the meaning of Sections 120.54(4)(a) and 120.56(1), F.S. See: *Florida Medical Ass'n, Inc. v. Department of Professional Regulation*, 426 So.2d 1112 (Fla. 1st DCA 1983).

3. Agencies are creatures of statute and have no inherent rulemaking authority. Section 120.54(14), Florida Statutes. Their powers are limited to those expressly granted or necessarily implied by statute. See 4 Fla.Jur.2d, Administrative Law, Section 46. When the legislature delegates rulemaking authority to administrative agencies, such authority is limited and circumscribed by the statute conferring it. *State v. Atlantic Coastline R.Co.*, 47 So. 969 (Fla. 1908). No agency can adopt a rule which amends, adds to, or conflicts with a statute. *Seitz v. Duval County School Board*, 366 So.2d 119 (Fla. 1st DCA 1979), cert.den. 375 So.2d 911; *State, Dept. of Health and Rehabilitative Services v. McTigue*, 387 So.2d 454 (Fla. 1st DCA 1980); *Department of Health*

*and Rehabilitative Services v. Florida Psychiatric Society, Inc.*, 382 So.2d 1280 (Fla. 1st DCA 1980). Any rule which attempts to do so in an invalid exercise of delegated legislative authority.

4. Both Chapter 471 and 472, Florida Statutes, are concerned with the protection of the public by ensuring that persons engaged in the practice of engineering and land surveying are qualified to do so. Sections 471.001 and 472.001, Florida Statutes (1983). These chapters also serve the purpose of delineating the relative rights and privileges of engineers and land surveyors.

5. A registered professional engineer who agrees to provide "professional land surveying services incidental to his practice of engineering" is exempt from the provisions of Chapter 472, Florida Statutes, only if he

> . . . delegates such land surveying services to a registered professional land surveyor qualified within his firm or contracts for such professional land surveying services to be performed by others who are registered professional land surveyors under the provisions of Sections 472.001-472.039.

Section 472.003(2), Fla. Stat.

6. The rule at issue here, by the parties' stipulation, would define "engineering surveying" to include a number of areas of practice which are otherwise within the scope of land surveying as defined by Section 472.005(4)(a) and (b), Fla. Stat. Consequently, the activities which the rule would ostensibly sanction are encompassed within the "practice of land surveying," which the legislature has declared to be the exclusive domain of land surveyors under Chapter 472. The practice of land surveying without a license is a misdemeanor of the first degree. Section 472.031, Florida Statutes.

7. The proposed rule, therefore, would sanction acts by engineers which are unlawful under Chapter 472, and contrary to the stated purposes of both Chapter 471 and 472. Whatever authority exists under Section 471.003, Fla. Stat., to proscribe what acts constitute grounds for disciplinary action against engineers, certainly does not include the authority to define "engineering surveying" so as to include that which is expressly prohibited by Chapter 472, Florida Statutes.

Accordingly, based on the foregoing Findings of Fact and Conclusions of Law, it is specifically concluded that Respondent's proposed Rule 21H-19.01(5)(c)1, Florida Administrative Code, constitutes an invalid exercise of delegated legislative authority.