## AMBROSIN v. STATE OF FLORIDA
### Case No. 83-263-AC
Eleventh Judicial Circuit, Appellate Division, Dade County

March 15, 1985

### APPEARANCES OF COUNSEL

**Bennett Brummer** for appellant.

**Jim Smith,** Attorney General, for appellee.

Before SNYDER, NADLER, FEDER, JJ.

### OPINION OF THE COURT

FEDER, Judge.

This is an appeal from a conviction following denial of Motion for Discharge based on failure to bring the Appellant to trial within the required ninety (90) days from arrest. Rule 3.191(a)(1) of Rules of Criminal Procedure and Rule 3.160 of Rules of Traffic Court.

The relevant facts are that Appellant was charged with a traffic violation on April 16, 1983 and duly received Notice of Arraignment for May 25, 1983. Appellant lost the Notice and called the Clerk's office on either May 24th or 25th and was advised that the arraignment was set for 9:00 A.M. on May 25. The Appellant appeared with his mother on the 25th only to discover that the Clerk had been in error and the hearing had been set for the 24th.

Trial by jury was thereafter set in July and on July 19th (4 days past the "Speedy Trial" period) Appellant moved for discharge. An evidentiary hearing was held on July 28 and the Court ruled that the non-appearance on May 24 was in part due to the Appellant's error and in part to the Clerk's and denied the discharge.

At no time did the State move for an extension of the speedy trial period nor did the State ever rebut the testimony of the Appellant and his mother regarding the Clerk's error.

The State's position was that the failure of Appellant to call the Clerk prior to the hearing date on the 24th established that the Appellant was not continuously ready for trial.

On the contrary the record reveals that the one day delay in the Arraignment did not "delay" the trial. On the May 25th date, Appellant demanded trial by jury and there were then nearly two months of the three month speedy trial remaining.

Whether action or inaction of the defense constitutes a waiver of the speedy trial rule depends on the individual facts of the case and an analysis of whether the action or inaction established the defense operated to delay the trial. *Stuart v. State*, 360 So.2d 406 (Fla. 1978). See also *Peavy v. Judge, Division "5"*, 15th Judicial Circuit-So.2d-(Fla. 4th DCA 1984); *State v. Small*, 346 So.2d 644 (Fla. 2d DCA 1977).

Herein, Appellant established that the one day delay in the Arraignment was in good faith, not for purposes of delay and there was a complete absence of any evidence that such delay impacted to any degree on the trial date; the Motion for Discharge should have been granted.

The conviction below is reversed and the Appellant should be discharged.

PER CURIAM is hereby reversed.