The Honorable William J. Page Secretary Department of Health and Rehabilitative Services 1317 Winewood Boulevard Tallahassee, Florida 32301
Dear Secretary Page:
This is in response to your request for an Attorney General's Opinion on substantially the following question:
 IS THE DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES AUTHORIZED TO ACCEPT A REBATE FROM A PRIVATE PHARMACEUTICAL COMPANY BY ENTERING INTO A CONTRACT WITH SUCH COMPANY OBLIGATING THE DEPARTMENT TO NOTIFY RETAILERS OF THE DEPARTMENT'S ACCEPTANCE OF A PARTICULAR BRAND OF PRODUCT AS CONSIDERATION FOR SUCH REBATE?
Your letter states that the Department of Health and Rehabilitative Services is considering participating in a rebate proposal with a private pharmaceutical company for prescriptions paid by the department's Medicaid office (and similar programs) for certain products of that company. This agreement would require the department, in exchange for the rebate moneys, to "notify all retail outlets within the state" that reimbursement would be forthcoming to the state when the specified products of the pharmaceutical company are dispensed. According to your letter, this rebate plan would allow the dispensing of a brand name product at a cost comparable to generic brands of this product.
The Department of Health and Rehabilitative Services has been statutorily designated as the state agency responsible for the administration of Medicaid funds under Title XIX of the Social Security Act, and to the extent that money is appropriated, the department is authorized to provide payment for medical services to persons meeting the established criteria. Section 409.266(1), F.S. The department is authorized by s. 409.266(2)(a), F.S., to enter into agreements with appropriate agents and other state and federal agencies and to accept such duties in respect to social welfare or public aid as may be necessary to implement the provisions of Title XIX of the Social Security Act relating to medical assistance. And see, s. 409.026(6), F.S., generally setting forth the discretionary duties of the department with respect to providing the social and economic services described in this chapter.
The department has promulgated rules, pursuant to s. 409.026(1) and (6), F.S., implementing the legislative direction to supervise and administer all social and economic services as described therein and pursuant to s. 409.266(13), F.S., regarding medical assistance in particular. Rule 10C-7.42, F.A.C., sets forth those prescribed drug services which are to be undertaken by the department. Subsection (2) of this rule states that recipients eligible for Title XIX (Medicaid) benefits are entitled to prescribed drugs as a part of this program.
It is the accepted rule in this state that administrative agencies may only utilize such powers as are expressly authorized by statute or necessarily implied from such express powers. State v. Atlantic Coast Line R. Co., 47 So. 969, 978 (Fla. 1908). See also, Edgerton v. International Company, 89 So.2d 488 (Fla. 1956); State ex rel. Greenberg v. Florida State Board of Dentistry,297 So.2d 628 (1 D.C.A.Fla., 1974), cert. dismissed, 300 So.2d 900
(Fla. 1974); Gardinier, Inc. v. Florida Department of Pollution Control, 300 So.2d 75 (1 D.C.A.Fla., 1974) (powers of statutory agency are not inherent but derivative only and are limited to those expressly or by necessary implication granted by statute); Florida State University v. Jenkins, 323 So.2d 597 (1 D.C.A.Fla., 1975) (powers and authority of administrative boards, commissions and officers are limited to those granted, either expressly or by necessary implication, by the statute of their creation); AGO's 85-66, 85-44, and 84-36 applying this principle to the Department of Health and Rehabilitative Services. Cf., AGO's 75-299, 75-161, 75-120, 72-368, 72-298, 72-67, and 72-28. See also, AGO 75-64 quoting from 67 C.J.S. Officers s. 102(c) which states the general rule that: "A public officer can make only such agreements as are expressly or impliedly authorized. . . ." And see, 1 Fla.Jur.2d Administrative Law s. 21 p. 557 ("the decided tendency of modern decisions, in construing statutes defining the powers and duties of administrative boards or commissions, is to hold that the power sought to be exercised must be made to appear affirmatively before it can be legally exercised. . . .") Administrative agencies are also constrained not to expand their authority beyond that provided in the statutory grant. State, Department of Environmental Regulation v. Falls Chase Special Taxing District, 424 So.2d 787, 793 (1 D.C.A.Fla., 1982), petition for review denied, 436 So.2d 98
(Fla. 1983); Seitz v. Duval County School Board, 366 So.2d 119 (1 D.C.A.Fla., 1979); Department of Transportation v. James,403 So.2d 1066 (4 D.C.A.Fla., 1981). See generally, 73 C.J.S. Public Administrative Law and Procedure s. 51 (1983). Any doubt as to whether a particular power has been statutorily granted to an agency should be resolved against the exercise of that power. State v. Atlantic Coast Line R. Co., supra; State ex rel. Greenberg v. Florida State Board of Dentistry, supra. Thus, the powers of an administrative agency must affirmatively appear from the enactment under which the agency claims to act.
While an administrative agency possesses certain implied powers, these implied powers must be necessary or essential to carry out powers and duties which are expressly granted or imposed by statute. See, State v. Atlantic Coast Line R. Co., supra; Keating v. State, 167 So.2d 46 (1 D.C.A.Fla., 1964); Gardinier Inc. v. Department of Pollution Control, supra; St. Regis Paper Company v. State, 237 So.2d 797 (1 D.C.A.Fla., 1970); and Williams v. Florida Real Estate Commission, 232 So.2d 239 (4 D.C.A.Fla., 1970). And see, Molwin Investment Co. v. Turner, 167 So. 33 (Fla. 1936) (express power duly conferred may include implied authority to use means necessary to make the express power effective, but such implied authority may not warrant the exercise of a substantive power not conferred).
My research has revealed no express statutory grant of authority to the Department of Health and Rehabilitative Services to enter into such a rebate agreement as that described herein, nor have you directed my attention to any such authority. Cf., s.465.185(1), F.S., making it unlawful for any person to pay or receive a rebate or engage in kickbacks or fee-splitting arrangements with any physician, surgeon, organization, agency or person, either directly or indirectly, for patients referred to a pharmacy; and Rule 10C-7.42(11), F.A.C., implementing this statutory provision. Further, in the absence of any express grant of such authority I am unable to conclude that the department possesses the implied authority to participate in this agreement. While s. 402.34, F.S., provides the department with the power to contract and be contracted with and to exercise corporate powers for certain purposes, I cannot conclude, absent legislative direction, that such authority may be extended to include participation in this proposed rebate agreement and the attendant responsibility to advise retailers of the department's participation therein. And see, 42 C.F.R. § 447.331(a) (adopted pursuant to 42 U.S.C. § 1302 authorizing, inter alia, the Secretary of Health and Human Services to make such rules and regulations as are necessary under the Social Security Act) providing that the state Medicaid agency may not pay more for prescribed drugs than the lower of ingredient cost plus a reasonable dispensing fee of the provider's usual and customary charge to the general public; 42 C.F.R. § 447.332 prescribing criteria for determining the cost of drugs; and 42 C.F.R. § 447.333 establishing factors to be used in setting a dispensing fee for drugs. See also, 45 C.F.R. Part 19 establishing procedures for determining drug costs and dispensing fees which the Department of Health and Human Services will use for determining, among other things, reimbursement to states under state administered health, welfare, and social service programs (45 C.F.R. s. 19.1[2].
I would also note that, pursuant to s. 465.025(2), F.S., a pharmacist who receives a prescription for a brand name drug is required (unless the purchaser requests otherwise) to substitute a less expensive, generically equivalent drug product as described therein. The only exception to this requirement applies when the prescriber indicates that the brand name drug is "medically necessary." Section 465.025(3)(b), F.S., requires that a pharmacist who substitutes a less expensive drug product shall pass the amount of the savings realized through the substitution on to the consumer.
Therefore, unless and until legislatively or judicially determined otherwise, it is my opinion that the Department of Health and Rehabilitative Services is not authorized to accept a rebate of funds from a private pharmaceutical company by entering into a contract with such company obligating the department to notify retailers of the department's acceptance of a particular brand of product as consideration for such rebate.
Sincerely,
Jim Smith Attorney General
Prepared by:
Gerry Hammond Assistant Attorney General