306 So.2d 188 (1974)
Susan L. WEITZEL, by Marjorie A. Boughner, Her Next Friend, Appellant,
v.
STATE of Florida et al., Appellees.
No. U-362.
District Court of Appeal of Florida, First District.
December 31, 1974.
Rehearing Denied February 6, 1975.
*189 Jackson L. Boughner, Treadwell, Emerson & Elkins, Naples, for appellant.
Robert L. Shevin, Atty. Gen., Jerry E. Oxner, Asst. Atty. Gen., Charles E. Miner, Jr., Tallahassee, James T. Schoenbrod, Miami, and Lawrence J. Robinson, Sarasota, for appellees.
BOYER, Acting Chief Judge.
This is an appeal by a student at the University of South Florida from a final order of the Circuit Court of Leon County dismissing a Second Amended Complaint in which the student-plaintiff, on behalf of herself and others similarly situated, sought to have a part of the registration fee charged to students who were citizens of Florida for less than one year declared to have been collected in violation of Florida Statute 240.052 and in violation of undesignated provisions of the Florida and Federal Constitutions. She also sought a refund of those portions of the fees she claimed were thereby improperly paid by her and others similarly situated.
It is axiomatic, requiring no citations of authority, that upon ruling on a motion to dismiss the trial judge is required to take into consideration all of the allegations of the complaint, and all well pleaded allegations must be accepted as true for that purpose.
The plaintiff entered the State of Florida on June 18, 1972, at which time she became a citizen of the State. The first day of classes of the fall quarter at the University of South Florida was September 19, 1972. Plaintiff was required to pay the fee prescribed for non-Florida students as defined in the Board of Regents Operating Manual.
Florida Statute 240.052 specifically empowers the Board of Regents "with full power and authority to make all rules and regulations governing admission of students into the state university system." The statute further provides that such rules and regulations shall include, but not be limited to, educational requisites, amount of registration fees, tuition fees, activity fees, board, etc., as the said board may from time to time deem necessary. Subsection 2 of said statute provides, in material part, as follows:
"(2) In adopting regulations concerning admission and fees, the board of regents shall take into account the following:
"(a) The state university system shall be open to citizens of this state at the lowest rate consistent with the welfare and efficiency of the institutions within the system. * * *

*190 "(b) Students from other states may be admitted to the system upon such terms as to tuition, board, etc., as the board may from time to time establish." (Emphasis added)
The Board of Regents Operating Manual provides in material part as follows:
"7.6 Florida Student Definition (Section 240.052, Florida Statutes)
"A. For the purpose of assessing registration fees, students shall be classified as Florida and non-Florida. A Florida student is a person who shall have resided and had his domicile in the State of Florida for at least twelve (12) months immediately preceding the first day of classes of the current term."
A higher registration fee is charged to students who, though residents of the State of Florida, have been such residents for a period of less than twelve months immediately preceding the first day of classes than is charged to residents who have resided and been domiciled in the State for twelve months or more.
The final order here appealed held the above mentioned provision of the Board of Regents Operating Manual to be valid under Florida Statute 240.052 and under the State and Federal Constitutions. Two distinct points are presented for our resolution.
First, is a durational citizenship requirement as a prerequisite to a reduced tuition fee for admission to a State university violative of the Federal or State Constitutions. We hold that it is not.
The Supreme Court of the United States has upheld the constitutionality of a limited durational residence requirement in the matter of determining student tuition fees in a case factually similar to the case sub judice. (Starns v. Malkerson, 326 F. Supp. 234 (U.S.D.C.Minn. 1970). See also Kirk v. Board of Regents, 273 Cal. App.2d 430, 78 Cal. Rptr. 260 (1969), app. dismissed 396 U.S. 554, 90 S.Ct. 754, 24 L.Ed.2d 747 (1970); Arizona Board of Regents v. Harper, 108 Ariz. 223, 495 P.2d 453 (1972); Sturgis, et al. v. State of Washington, et al., 368 F. Supp. 38, aff'd. 414 U.S. 1057, 94 S.Ct. 563, 38 L.Ed.2d 464 (1973)).
The Starns case was a direct attack upon the policy of the Board of Regents of Minnesota which required students to have resided in the State for at least one year before being admitted as resident students, a policy identical with that of Florida. In that case the plaintiff alleged that such policy violated the equal protection clause and unconstitutionally abridged the right to free interstate travel, all contrary to the Federal Constitution. A three-judge Federal Court found that the policy did not have as its objective the exclusion or deterrence of out-of-state students from attending state universities; the one-year residency requirement did not have dire effects on non-residents; the durational residency requirement is not a penalty imposed on interstate travel and that the policy of the Board of Regents was not unconstitutional. The Court applied the traditional equal protection standard enunciated in Dandridge v. Williams, 397 U.S. 471, 485, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1969) and other such cases, wherein the Supreme Court, as quoted in Starns v. Malkerson, supra, said:
"In the area of economics and social welfare, a State does not violate the Equal Protection Clause merely because the classifications made by its laws are imperfect. If the classification has some `reasonable basis,' it does not offend the Constitution simply because the classification `is not made with mathematical nicety or because in practice it results in some inequality.' Lindsley v. Natural Carbonic Gas Co., 220 U.S. 61, 78, 31 S.Ct. 337, 340, 55 L.Ed. 369. `The problems of government are practical ones and may justify, if they do not require, rough accommodations  illogical, it may be, and unscientific.'  Metropolis Theatre Co. v. City of Chicago, 228 U.S. 61, 69-70, 33 S.Ct. 441, 443, 57 L.Ed. 730. *191 `A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it.' McGowan v. Maryland, 366 U.S. 420, 426, 81 S.Ct. 1101, 1105, 6 L.Ed.2d 393." (326 F. Supp. page 239)
The court further recognized as valid the "rational attempt by the State to achieve partial cost equalization between ... those who have not recently contributed to the State's economy through employment, tax payment and expenditures therein." (See 326 F. Supp. at page 240)
Appellant relies on two United States Supreme Court decisions which struck down durational residence requirements, applying the "compelling state interest" test, Shapiro v. Thompson, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969) and Dunn v. Blumstein, 405 U.S. 330, 92 S.Ct. 995, 31 L.Ed.2d 274 (1972). In each of those cases the State was found to have interfered with the free exercise of fundamental constitutional rights, and in each, the court held that no compelling reason had been shown why, (in the former) a person should be required to reside in the state for twelve months before being entitled to welfare benefits and (in the latter) a person should be required to reside for a specific period of time in a state as a condition precedent to being allowed the fundamental right to vote. Neither of those cases are applicable here. 394 U.S. in Footnote 21 at page 638, 89 S.Ct. at page 1333 of the Shapiro opinion we find the following:
"We imply no view of the validity of waiting-period or residency requirements determining * * * eligibility for tuition-free education * * *. Such requirements may promote compelling state interests on the one hand, or, on the other, may not be penalties upon the exercise of the constitutional right of interstate travel."
The Supreme Court of the United States again dealt with the constitutional legitimacy of a state durational residency requirement in respect to a state tuition differential in Vlandis v. Kline, 412 U.S. 441, 93 S.Ct. 2230, 37 L.Ed.2d 63, 72 (1973), wherein the Court struck down a Connecticut statute establishing a permanent irrebuttable presumption that a student, a non-resident at the commencement of attendance at a Connecticut state university, continued to be a non-resident for the entire duration of his attendance. In that case the Court said:
"We are aware, of course, of the special problems involved in determining the bona fide residence of college students who come from out of State to attend that State's public university. Our holding today should in no wise be taken to mean that Connecticut must classify the students in its university system as residents, for purposes of tuition and fees, just because they go to school there. Nor should our decision be construed to deny a State the right to impose on a student, as one element in demonstrating bona fide residence, a reasonable durational residency requirement, which can be met while in student status. We fully recognize that a State has a legitimate interest in protecting and preserving the quality of its colleges and universities and the right of its own bona fide residents to attend such institutions on a preferential tuition basis.
"We hold only that a permanent irrebuttable presumption of nonresidence  the means adopted by Connecticut to preserve that legitimate interest  is violative of the Due Process Clause, because it provides no opportunity for students who applied from out of State to demonstrate that they have become bona fide Connecticut residents. The State can establish such reasonable criteria for in-state status as to make virtually certain that students who are not, in fact, bona fide residents of the State but who have come there solely for educational purposes, cannot take advantage of the in-state rates." (412 U.S. at pages 453 and 454, 93 S.Ct. at page 2236 and 2237).
*192 In Vlandis v. Kline the Court distinguished Starns v. Malkerson, supra, noting the significant differences between Connecticut's permanent irrebuttable presumption and Minnesota's one-year durational residency requirement. Starns v. Malkerson was therefore, (at least inferentially) approved. (See also Kelm v. Carlson, 473 F.2d 1267, 1271 (6th Cir.1973).)
We hold that the trial judge correctly ruled that a tuition differential based upon a one-year residency requirement is constitutionally permissible under the Constitution of the United States of America. Although the plaintiff attacked the constitutionality under the Constitution of the State of Florida, we have been cited to no specific provision thereof which would render the requirement invalid and our reading thereof has revealed none.
The second point for our determination relates to the validity of the tuition differential based on the 12-month durational citizenship requirement under Florida Statute 240.052.
Plaintiff urges that since it is uncontradicted that she is a citizen of the State of Florida (though for a period of less than 12 months) Florida Statute 240.052(2)(a) entitles her to admission to a state university upon payment of tuition "at the lowest rate"; that is, at the rate charged students who have been citizens for a period in excess of 12 months. Essentially, plaintiff syllogistically argues that: (a) plaintiff is a citizen of the State of Florida, (b) Florida Statute 240.052 provides that "[t]he state university system shall be open to citizens of this state at the lowest rate * * *", and (c) that the lowest rate is charged to students who have been citizens for a period in excess of 12 months; concluding that since the statute makes no reference to a durational residency requirement the Board of Regents was without authority to define a "Florida student" as a person "who shall have resided and had his domicile in the State of Florida for at least 12 months immediately preceeding the first day of classes of the current term."
In so arguing plaintiff overlooks the concluding clause of F.S. 240.052(2)(a) which provides that tuition to citizens of Florida shall be at the lowest rate "consistent with the welfare and efficiency of the institutions within the system." She further overlooks subsection (1) of F.S. 240.052 which provides that "the board of regents is invested with full power and authority to make all rules and regulations governing admissions of students into the state university system * * *". (Emphasis added) It is fundamental that words, phrases, clauses, sentences and paragraphs of a statute may not be construed in isolation, but that on the contrary a statute must be construed in its entirety. (Sun Insurance Office, Limited v. Clay, Sup.Ct.Fla. 1961, 133 So.2d 735)
It is noted that F.S. 240.052(2)(b) provides that "[s]tudents from other states may be admitted to the system upon such terms as to tuition, board, etc., as the board may from time to time establish." (Emphasis added)
We conclude that the legislature intended to grant the Board of Regents "full power and authority" to prescribe rules, policies and regulations incident to tuition fees, differentiating between citizens of the State of Florida and students from other states and that the power and authority granted by the statute is sufficiently broad to authorize the defining of a Florida student as a person who shall have resided and had his or her domicile in the State of Florida for at least 12 months immediately preceeding the first day of classes of the term for which admission is sought.
We have not overlooked appellant's contention that the trial court erred in granting the motion to dismiss the second amended complaint, thereby aborting further pleadings and trial. We have repeatedly held that a trial judge should not substitute a ruling on a motion to dismiss for a judgment on the pleadings, summary judgment or trial. (See Dawson v. Blue *193 Cross Association, Fla.App. 1st 1974, 293 So.2d 90 and Thomas v. Rollins, Fla.App. 1st 1974, 298 So.2d 186.) However, the Second Amended Complaint in the case sub judice contained all of the material allegations upon which the plaintiff sought to rely and, as above observed, those allegations were deemed admitted for the purpose of ruling upon the motion to dismiss for failure to state a cause of action. The trial judge, after considering the factual allegations of the second amended complaint concluded that it did not state a cause of action and the plaintiff did not indicate that there were any additional facts to be raised by amendment. The trial judge accordingly entered a final judgment in favor of the defendants and we
Affirm.
JOHNSON, J., and LEE, THOMAS E., Associate Judge, concur.