324 So.2d 174 (1975)
James D. ALFORD, III, Petitioner,
v.
DUVAL COUNTY SCHOOL BOARD, Respondent.
No. Y-122.
District Court of Appeal of Florida, First District.
October 8, 1975.
*175 William H. Maness, Jacksonville, for petitioner.
Harry L. Shorstein and Frederick J. Simpson, Jacksonville, for respondent.
Robert L. Shevin, Atty. Gen., and Donald D. Conn, Asst. Atty. Gen., for amicus curiae.
McCORD, Judge.
Although we previously issued a rule nisi in prohibition in this cause, upon further consideration, we do not consider that prohibition is the proper remedy. Therefore, we review the action below by common law certiorari.
Petitioner, being in a quandry as to his correct method for review, filed in this court a "Petition for Writ of Certiorari to the Circuit Court of Duval County, or, in the Alternative, to the Duval County School Board, or for Writ of Prohibition" to the Duval County School Board. We initially issued rule nisi in prohibition and granted a motion of the Attorney General of Florida to file a brief as amicus curiae. Briefs on the merits have been filed by respondent, relator and amicus curiae.
Petitioner is an annual contract teacher who was employed by the Duval County School Board. Proceedings for dismissal were brought against him by the Board pursuant to Ch. 21197, Laws of Florida, Acts of 1941 (a special act of the legislature) which will hereinafter be referred to as the Duval County Teachers' Tenure Act. The order which petitioner seeks to have reviewed is a ruling of the Board made on February 3, 1975, denying petitioner's motion to quash the proceedings. Petitioner contended there and contends here that the dismissal proceedings are governed by the new Administrative Procedure Act, Chapter 74-310, Laws of Florida, which substantially rewrote Chapter 120, Florida Statutes. The new Administrative Procedure Act is now Chapter 120, Florida Statutes, 1974, as amended by Chapter 75-191, Laws of Florida, and will hereafter be referred to as the new A.P.A. The effect of the Board's denial of petitioner's motion was to rule that the proceedings would continue under the Duval *176 County Teachers' Tenure Act rather than the new A.P.A. We recognize that it is most important that this interlocutory ruling of the Board be reviewed at this time rather than after final action of the Board. A failure to review the ruling at this time could cause useless procedures before the Board and would leave open the question of whether or not judicial review of the final action of the Board would be before this court or the Circuit Court of Duval County. Review of agency action under the new A.P.A. is before this court while review under the Duval County Teachers' Tenure Act is before the circuit court. We therefore consider this a proper question to be resolved at this time by common law certiorari.
Whether or not the new A.P.A. repealed other statutes must be determined by rules of statutory construction and the expressed legislative intent contained in the new A.P.A. In this connection, the Supreme Court in American Bakeries Co. v. Haines City, 131 Fla. 790, 180 So. 524, stated as follows:
"While statutes may be impliedly as well as expressly repealed, yet the enactment of a statute does not operate to repeal by implication prior statutes, unless such is clearly the legislative intent.
An intent to repeal prior statutes or portions thereof may be made apparent, when there is a positive and irreconcilable repugnancy between the provisions of a later enactment and those of prior existing statutes. But the mere fact that a later statute relates to matters covered in whole or in part by a prior statute does not cause a repeal of the older statute." (Emphasis supplied)
The Supreme Court in State v. Southern Land & Timber Co., 45 Fla. 374, 33 So. 999, quoted with approval Enlich on the Interpretation of Statutes, § 223 as follows:
"It is but a particular application of the general presumption against an intention to alter the law beyond the immediate scope of the statute to say that a general act is to be construed as not repealing a particular one; that is, one directed towards a special object or a special class of objects. A general later affirmative law does not abrogate an earlier special one by mere implication. `Generalia specialibus non derogant.' The law does not allow the exposition to revoke or alter, by construction of general words, any particular statute, where the words of the two acts, as compared with each other, are not so glaringly repugnant and irreconcilable as to indicate a legislative intent to repeal, but may have their proper operation without it. It is usually presumed to have only general cases in view, and not particular cases which have been already otherwise provided for by the special act, or, what is the same thing, by a local custom. Having already given its attention to the particular subject and provided for it, the Legislature is reasonably presumed not to intend to alter that special provision by a subsequent general enactment, unless that intention is manifested in explicit language, or there be something which shows that the attention of the Legislature had been turned to the special act, and that the general one was intended to embrace the special cases within the previous one, or something in the nature of the general one making it unlikely that an exception was intended as regards the special act. The general statute is read as silently excluding from its operation the cases which have been provided for by the special one. * * * The fact that the general act contains a clause repealing acts inconsistent with it does not diminish the force of this rule of construction."
In addition, the Supreme Court in In re Wade, 150 Fla. 440, 7 So.2d 797, said:
"It is said that the later general Act will be presumed to have made an exception of the prior special one, unless the contrary clearly appears."
*177 We now turn to the Legislative intent as expressed in the new A.P.A. Section 120.72(1) provides as follows:
"The intent of the legislature in enacting this complete revision of chapter 120, Florida Statutes, is to make uniform the rulemaking and adjudicative procedures used by the administrative agencies of this state. To that end, it is the express intent of the legislature that the provisions of this act shall replace all other provisions in the Florida Statutes, 1973, relating to rulemaking, agency orders, administrative adjudication, or judicial review, except for marketing orders adopted pursuant to chapters 573 and 601." (Emphasis supplied.)
We cannot say that the legislature intended to repeal that part of the Duval County Teachers' Tenure Act relating to the procedure for removal of teachers by the enactment of the new A.P.A. We consider it significant that the legislature in the above quoted statement of intent only provided that the new A.P.A. "shall replace all other provisions of the Florida Statutes, 1973, relating to rulemaking, agency orders, administrative adjudication or judicial review." (Emphasis supplied.) The only reference to intent of the new A.P.A. is the above quoted Section 120.72(1) and it is noted that such statement relates only to its replacement of general laws (Florida Statutes 1973). It makes no reference to replacement of special acts such as the Duval County Teachers' Tenure Act. While the procedure provided in the Duval County Teachers' Tenure Act for discharge of a teacher is more abbreviated than is the procedure under the new A.P.A., we cannot say that it is so repugnant to the new A.P.A. that it is obvious that the legislature intended a repeal of the procedural provisions of the Duval County Teachers' Tenure Act. Had it so intended it would have been a simple matter for it to have included special acts or this special act in the laws which were being replaced by the new A.P.A.
The rule nisi heretofore issued is discharged, writ of prohibition is denied, and certiorari is denied.
BOYER, C.J., and MILL, J., concur.