DOWNEY, Judge.
The Broward County Board of Rules and Appeals petitions for a writ of certio-rari to review an order of the respondent Florida Board of Building Codes and Standards of the Department of Community Affairs of the State of Florida denying the Broward Board’s motion to dismiss for lack of jurisdiction an administrative appeal which respondent Rush Hampton Industries took to the Florida Board.
This litigation had its genesis in an order of the Broward Board dated May 8, 1975, which held, in effect, that use of a certain type of air circulator unit that Rush Hampton manufactures would not be allowed in Broward County after December 12, 1974, the effective date of an amendment to the Broward County Edition of the South Florida Building Code. Being dissatisfied with the decision of the Bro-ward Board, Rush Hampton Industries on May 13, 1975, filed a petition for writ of certiorari to the Circuit Court of Broward County pursuant to Section 203 of the South Florida Building Code.
On June 2, 1975, Rush Industries also filed an appeal from the May 8th order to the Florida Board pursuant to § 553.81 F. S.1974, whereupon the Broward Board moved to dismiss that appeal for lack of jurisdiction on the ground that Rush Hampton had previously sought a petition for writ of certiorari in the circuit court to review the same order. When the Florida Board denied the motion to dismiss, the Broward Board petitioned this court for a writ of certiorari to review the Florida Board’s order of denial.
The issue for our determination is whether the passage of The Florida Building Codes Act of 1974, Chapter 74-167, Laws of Florida (codified in §§ 553.70-553.87 F.S.1974), requires that appeals from decisions of the Broward County Board of Rules and Appeals be to the Florida Board of Building Codes and Standards or district court of appeal rather than to the circuit court pursuant to the Special Act applicable to Broward County. Stated another way, do the provisions of the General Act (Chapter 74-167) have the effect of repealing those provisions of the *668 Special Act applicable to Broward County that concern appellate review of decisions of the Broward County Board of Rules and Standards so as to vest exclusive jurisdiction to review such decisions in the Florida Board of Building Codes and Standards? Our answer is in the affirmative.
Chapter 71-575, Laws of Florida (a special act), provides, among other things, that “The South Florida Building Code, Dade County, 1970 edition, as amended, shall apply to all municipalities and unincorporated areas of Broward County, Florida.” In pertinent part, The South Florida Building Code provides that “Any person aggrieved by a decision of the Board of Rules and Appeals . . . may apply to the appropriate court for a writ of certiorari to review such decision.”
In 1974 the legislature passed the Florida Building Codes Act (Chapter 74-167, Laws of Florida), thereby creating within the Department of Community Affairs the Florida Board of Building Codes and Standards. § 553.74, F.S.1974. The Board is to regulate building codes throughout the state. §§ 553.76-553.77, F.S.1974. The legislature expressed the intent underlying the adoption of the act in the following way:
“Intent. — The purpose and intent of this act is to provide a mechanism for the promulgation, adoption, and enforcement of state minimum building codes which contain standards flexible enough to cover all phases of construction and which will allow reasonable protection for public safety, health, and general welfare for all the people of Florida at the most reasonable cost to the consumer.” § 553.72, F.S.1974.
The act contemplates the use of an Interim State Building Code culminating in a State Minimum Building Code by 1977. § 553.-78(7), F.S.1974. Uniformity throughout the state is intended as nearly as possible. § 553.78(6), F.S.1974.
With reference to appellate review the legislative intent is further demonstrated by § 553.73, which provides:
“(1) By January 1, 1975, local governments and state agencies with building construction regulation responsibilities that do not have in effect codes regulating the construction of buildings shall adopt an interim building code which covers all types of construction. By October 1, 1975, such code shall include the provisions of part V relating to accessibility by handicapped persons.”
* * * * * *
“(3) After January 1, 1975, local governments and state agencies with building construction regulation responsibilities may provide for more stringent requirements than those specified in the interim state building code, provided:
“(a) There is a determination of a need to strengthen the Interim State Building Code requirements, based upon demonstrations that local conditions justify more stringent requirements than those specified therein, for the protection of life and property; and
“(b) Such additional requirements are not discriminatory against materials, products, or construction techniques of demonstrated capabilities.
“(4) All code requirements in effect by any code enforcement jurisdiction on January 1, 1975, which are not inferior to the Interim State Building Code requirements, are presumed to meet the conditions of subsection (3), except that an aggrieved party shall have the right of appeal to the board in accordance with the provisions of § 553.81.”
Thus, a local government which has in effect as of January 1, 1975, a building code not inferior to the Interim State Building Code[1] is governed by the provisions of § 553.73, F.S., and one aggrieved by a deci- *669 sibn of a local board enforcing building code regulations has a right to appeal to the State Board of Building Codes and Standards. Should the State Board decline to review the decision in question or should either party be aggrieved by the decision of that board, judicial review is available to the district court of appeal. § 553.81(3) F.S.1974.
Thus, it appears to us that the legislature enacted a general revision of the subject matter of area building codes requiring statewide minimum standards with an eye to statewide uniformity. Although the wisdom of the various portions of the act is not ours to judge, we note that several aspects of the procedure for review may well be an improvement over the old procedures. For example, instead of going into court immediately to review the decision of the local government enforcing agency, review will generally be had by the State Board of Building Codes and Standards comprised of members who have special expertise in the building industry. In addition, one step in the procedure for judicial review is eliminated. Judicial review commences with the district courts of appeal, whereas heretofore certiorari to the circuit court (pursuant to a special act such as Chapter 71-575) was often followed by an appeal to the district court of appeal.
We are fully cognizant of the rule that a general act will not be held to impliedly repeal a special or local act unless it is clear the legislature intended that result. We find that intent clearly manifested by the scope and purpose of Chapter 74-167, Laws of Florida.
Petitioner’s reliance on the case of Alford v. Duval County School Board, 324 So.2d 174 (Fla.App. 1st, 1975), as authority for a contrary conclusion is misplaced. The court there held that the Administrative Procedure Act, Chapter 120 F.S., did not repeal by implication the provisions for appellate review of the Duval County Special Act referred to as the Duval County Teachers Tenure Act. That special act involved the tenure and discipline of school teachers and provided for specific appellate review of decisions pertaining to that subject matter. The Administrative Procedure Act of course pertains generally to all sorts of administrative proceedings throughout the state. Absent an express provision preempting the field, the court looked to the language of the general act and rather than finding any intent to repeal the special act provision it found an express provision to the contrary. The Administrative Procedure Act, § 120.72(1), provides that it is intended to replace all provisions in the Florida Statutes, 1973, relating to rulemaking, agency orders, administrative adjudication, or judicial review (with certain exceptions not material here). The court found that by its terms the Administrative Procedure Act applied only to replacement of general laws, not special acts. Thus, the Alford decision is neither persuasive nor controlling in this case.
Accordingly, we hold that the exclusive method for reviewing the May 8, 1975, order of the Broward County Board of Rules and Appeals is by appeal to the Florida Board of Building Codes and Standards. Therefore, we affirm the decision of the Florida Board of Building Codes and Standards denying appellant’s motion to dismiss for lack of jurisdiction.
CROSS, J., and SCHULZ, GEORGE E., Associate Judge, concur.

. Appellant had such a code in effect as of January 1, 1975, viz., the South Florida Building Code. See § 553.73(2) F.S.1974.