The Honorable J. Keith Arnold Representative 73rd District Post Office Box 2860 Fort Myers, Florida 33902
Dear Representative Arnold:
This is in response to your request for an Attorney General Opinion regarding substantially the following questions:
 1. WHAT IS MEANT BY THE PHRASE "MAJORITY OF THE COMMISSIONERS" AS IT IS USED IN s. 11, CH. 76-414, LAWS OF FLORIDA, REGARDING VOTES TAKEN BY THE BOARD OF COMMISSIONERS OF THE BAYSHORE FIRE PROTECTION AND RESCUE SERVICE DISTRICT?
 2. ARE THE PROVISIONS OF s. 286.012, F.S., APPLICABLE TO THE BOARD OF COMMISSIONERS OF THE BAYSHORE FIRE PROTECTION AND RESCUE SERVICE DISTRICT?
You have been contacted by the Chairman of the Board of Commissioners of the Bayshore Fire Protection and Rescue Service District who advises that the members of the board are unsure of the meaning of the majority voting requirement contained in s. 11, Ch. 76-414, Laws of Florida. In addition, the commissioners question the applicability of s. 286.012, F.S., to meetings of the board. You state that you are considering filing legislation to resolve these issues and request an opinion of this office construing these provisions.
Chapter 76-414, Laws of Florida, as amended by Chs. 80-520, 81-414 and 84-466, Laws of Florida, creates the Bayshore Fire Protection and Rescue Service District, a special taxing district. Section 2, Ch. 76-414, Laws of Florida. The Board of Commissioners of and for the district is composed of five members who are elected by the qualified electors residing within the district. Section 3, Ch. 76-414, Laws of Florida. The Bayshore Fire Protection and Rescue Service District is established as a public corporation having the powers, duties, rights, obligations and immunities set forth in the act and exercising jurisdiction over a designated geographical area within Lee County. Sections 2, 3, Ch. 76-414, supra. Within its area of jurisdiction, the board "shall have authority to provide all things necessary for the prevention, extinguishment, and control of fires in the district." Section 11(2), Ch. 76-414, Laws of Florida. The Board is authorized by the act to levy a millage tax against the taxable real estate within the district to provide funds for the purposes of the district. Section 5, Ch. 76-414, Laws of Florida, as amended by s. 1, Ch. 80-520, Laws of Florida.
QUESTION ONE
Section 11(1), Ch. 76-414, Laws of Florida, states that:
 A record shall be kept of all meetings of the board and in such meetings concurrence of a majority of the commissioners shall be necessary to any affirmative action by the board.
"Board" and "board of commissioners," as used in the act, are defined to mean the board of commissioners of and for the district. Section 1, Ch. 76-414, Laws of Florida. As related earlier herein, the board of commissioners is composed of five commissioners who are elected by the qualified electors residing within the district. Section 3, Ch. 76-414. And see, s. 1 Ch. 81-414(3), Laws of Florida ("[v]acancies on boards shall be filled by the Governor for the remainder of the term"). A statute is passed as a whole and not in parts or sections, and a part or section should be construed in connection with every other part or section. See, Tampa J. Ry. Co. v. Catts, 85 So. 364 (Fla. 1920). All parts of an act will be read together to achieve a consistent whole. See, Amos v. Conkling, 126 So. 283 (Fla. 1930); Haworth v. Chapman, 152 So. 663 (Fla. 1933); Marshall v. Hollywood, Inc.,224 So.2d 743 (4 D.C.A. Fla., 1969), writ discharged, 236 So.2d 114, cert. denied, 400 U.S. 964 (1970). Words, phrases, clauses, sentences and paragraphs of a statute may not be construed in isolation, but on the contrary, a statute must be construed in its entirety. Weitzel v. State, 306 So.2d 188 (1 D.C.A. Fla., 1974). Moreover, where a statute contains plain and unambiguous language, effect should be given to the plain meaning of its terms. State v. Egan, 287 So.2d 1 (Fla. 1973); Citizens of State v. Public Service Commission, 425 So.2d 534 (Fla. 1982); Carson v. Miller,370 So.2d 10 (Fla. 1979).
Applying the rules of statutory construction set forth above to the instant inquiry, it is my opinion that the requirement of s. 11, Ch. 76-414, Laws of Florida, that a "concurrence of a majority of the commissioners" is necessary for affirmative action by the Board of Commissioners of the Bayshore Fire Protection and Rescue Service District refers to a concurrence of a majority of the five commissioners elected to the board, i.e., a concurrence of three commissioners. Cf., AGO 83-82 (the terms of s. 163.230, F.S., requiring the concurring vote of a majority of all the members of a municipal board of adjustment to take action as prescribed therein, requires an affirmative vote by, and the actual presence of, at least a majority of all the members of such body at the hearing, rather than a majority vote of a quorum of such body or of the members present at the hearing); AGO 57-138, concluding, inter alia, that a two-thirds vote "of the members of [a] house" meant two-thirds of the entire membership and not two-thirds of those present at the session; AGO 74-289.
QUESTION TWO
Section 286.012, F.S. (1984 Supp.), provides that:
 No member of any state, county, or municipal governmental board, commission, or agency who is present at any meeting of any such body at which an official decision, ruling, or other official act is to be taken or adopted may abstain from voting in regard to any decision, ruling, or act; and a vote shall be recorded or counted for each such member present, except when, with respect to any such member, there is, or appears to be, a possible conflict of interest under the provisions of s. 112.311, s. 112.313, or s. 112.3143. In such cases, said member shall comply with the disclosure requirements of s. 112.3143.
A previous opinion of this office, AGO 78-11, substantially addresses the applicability of s. 286.012, F.S., to special taxing districts. In that opinion this office determined that the Southwestern Palm Beach County Public Hospital Board was a "body corporate" and the governing body of a special taxing district.
As is related in that opinion, a special taxing district, is a distinct and independent statutory entity created for restricted purposes; it is not a state agency as its prescribed powers are definitely confined to a less than state-wide area. See, Bair v. Central and Southern Florida Flood Con. Dist., 144 So.2d 818, 820
(Fla. 1962). See also, Town of Palm Beach v. City of West Palm Beach, 55 So.2d 566, 569 (Fla. 1951), holding that officers of a special district "are neither state nor county officers," and AGO 74-7, concluding that special districts are not considered to be agencies of the state for purpose of the State Purchasing Law. Further, special taxing districts cannot be considered to be county agencies. See, AGO 78-11 and AGO 71-154, holding that a county may not amend by ordinance an act creating a special district or authority since a special district is not an agency of the county but is established by the Legislature "to carry out at a local level a public or governmental function that the Legislature could have delegated to the county to perform." Accord, 71-102, 71-274, and 71-179. Finally, special taxing districts are not municipalities or agencies thereof. See, AGO's 74-28 and 73-443, holding that special districts are not municipalities or agencies thereof for purposes of the Municipal Home Rule Powers Act.
As previously noted, the Bayshore Fire Protection and Rescue Service District was created as a special taxing district for the purpose of providing for the prevention, extinguishment and control of fires within the district boundaries. Therefore, as a special taxing district, it appears that the Bayshore Fire Protection and Rescue Service District and its governing board is not a board or an agency of state, county of municipal government, and thus the provisions of s. 286.012, F.S. (1984 Supp.), do not apply to or operate on such districts or their governing boards. Accord, AGO 78-11.
However, while s. 286.012, F.S., is not applicable to the Board of Commissioners of the Bayshore Fire Protection and Rescue Service District, the provisions of s. 112.3143(3), F.S. (1984 Supp.), would apply. With regard to voting conflicts, s. 112.3143(3), provides in pertinent part that
 No county, municipal, or other local public officer shall vote in his official capacity upon any measure which inures to his special private gain or shall knowingly vote in his official capacity upon any measure which inures to the special gain of any principal, other than an agency as defined in s. 112.312(2), by whom he is retained. Such public officer shall, prior to the vote being taken, publicly state to the assembly the nature of his interest in the matter from which he is abstaining from voting and, within 15 days after the vote occurs, disclose the nature of his interest as a public record in a memorandum filed with the person responsible for recording the minutes of the meeting, who shall incorporate the memorandum in the minutes.
For purposes of this section, the term "public officer" includes any person elected or appointed to hold office in any agency and includes any person serving on an advisory body. Section112.3143(1), F.S. (1984 Supp.). An agency is defined to include any regional, county, local or municipal governmental entity of this state. Section 112.312(2), F.S. The Bayshore Fire Protection and Rescue Service District would appear to be an agency within the terms of s. 112.312(2), F.S.; therefore, the commissioners of the district are public officers for purposes of s. 112.3143(3), F.S. (1984 Supp.), and must comply with the voting and disclosure requirements of s. 112.3143(3).
As is provided in s. 11, Ch. 76-414, Laws of Florida:
 (2) The board may adopt rules and regulations, not inconsistent with any portion of this act, as it may deem necessary for the transaction of its business and in implementing and carrying out the provisions of this act. The board shall have authority to provide all things necessary for the prevention, extinguishment, and control of fires in the district.
 (3) Any rules and regulations promulgated and made by the board shall have the force and effect of law after copies thereof signed by the chairman and secretary have been posted in at least three public places and advertised for 2 consecutive weeks in a newspaper of general circulation in the county in which the special fire protection and rescue service district is situated.
And see, 62 C.J.S. Municipal Corporations s. 400, p. 754 (a local governmental unit may adopt its own rules of procedure when the enabling legislation does not provide any rules). See also, 67 C.J.S. Parliamentary Law s. 3.
Thus, the provisions of s. 286.012, F.S. (1984 Supp.), are not applicable to meetings of the Board of Commissioners of the Bayshore Fire Protection and Rescue Service District and the board is authorized, pursuant to s. 11(2), Ch. 76-414, Laws of Florida, to adopt its own rules and regulations for the transaction of its business in conformance with s. 112.3143, F.S. (1984 Supp.). Cf., AGO 85-40, concluding that for purposes of s. 166.041, F.S., setting forth the procedures for adoption and enactment of municipal ordinances and resolutions, the abstention requirements of s. 112.3143 (1984 Supp.), F.S., result in a quorum being composed of only those members of the governing body entitled to vote.
In sum, it is my opinion, unless and until judicially or legislatively determined otherwise, that the phrase "majority of the commissioners" as it is used in s. 11, Ch. 76-414, Laws of Florida, as amended, regarding the number of votes necessary for affirmative action by the Board of Commissioners of the Bayshore Fire Protection and Rescue Service District means a majority of the five member board, i.e., three members. Further, the nature of the Bayshore Fire Protection and Rescue Service District as a special taxing district places the board of commissioners of the district outside the scope of s. 286.012, F.S. (1984 Supp.), and the district board is empowered by the enabling legislation to adopt its own rules of procedure in this regard in conformance with the voting and disclosure requirements of s. 112.3143(3), F.S. (1984 Supp.).
Sincerely,
Jim Smith Attorney General
Prepared by:
Gerry Hammond Assistant Attorney General