Mr. Andrew DeGraffenreidt, III City Attorney City of Hollywood Post Office Box 2207 Hollywood, Florida 33022
Dear Mr. DeGraffenreidt:
This is in response to your request for an opinion on substantially the following question:
 WITHIN THE CITY OF HOLLYWOOD, LOCATED IN BROWARD COUNTY, DO THE FIRE SAFETY STANDARDS OF THE SOUTH FLORIDA BUILDING CODE (WHICH WAS ADOPTED BY SPECIAL ACT OF THE LEGISLATURE AND IS REQUIRED BY PART VI, CH. 553, F.S.) SUPERSEDE THE "MINIMUM FIRE SAFETY STANDARDS" OF CH. 4A-3, F.A.C., A PART OF THE STATE FIRE CODE?
For the following reasons, your question is answered in the affirmative.
Chapter 71-575, Laws of Florida, adopted the South Florida Building Code as the minimum building and construction code for all municipalities and unincorporated areas of Broward County. Subsequent general law, Part VI of Ch. 553, F.S., requires all local governments to adopt a building code to cover all types of construction. See, s. 553.73(1)(a) and (5); AGO's 86-60 and 86-81.
Section 553.73, F.S., as amended by Ch. 86-191, Laws of Florida, provides in pertinent part:
State Minimum Building Codes. —
* * *
 (2) There is created the State Minimum Building Codes which shall consist of the following nationally recognized model codes:
* * *
 (d) The South Florida Building Code, 1983 edition, with 1984 accumulated amendments.
 Each local government and state agency with building construction regulation responsibilities shall adopt one of the State Minimum Building Codes as its building code, which shall govern the construction, erection, alteration, repair, or demolition of any building for which the local government or state agency has building construction regulation responsibility. . . .
* * *
 (8) The fire safety standards as enumerated in the State Minimum Building Codes adopted pursuant to this section shall not be superseded or supplemented except as enumerated in subsection (3) and s. 633.05(8). (e.s.)
The 1986 amendment to s. 553.73, emphasized above, expressly provides that the fire safety standards of a locally adopted building code, such as the South Florida Building Code (see, Ch. 51 of the South Florida Building Code, Broward County ed., hereinafter "SFBC") shall not be superseded or supplemented except as enumerated or provided in subsection (3) of s. 553.73 and s. 633.05(8), F.S. Those are the only exceptions enumerated and none others should be implied. See, AGO 86-81, citing e.g., Williams v. American Surety Company of New York, 99 So.2d 877 (2 D.C.A. Fla., 1958) (where statute sets forth exceptions, no others may be implied to be intended); Ideal Farms Drainage District v. Certain Lands, 19 So.2d 234 (Fla. 1944) (where statute contains specific exclusions or exceptions, no others may be inferred); Biddle v. State Beverage Department, 187 So.2d 65 (4 D.C.A. Fla., 1966).
The provisions of s. 553.73, F.S., as amended, appear to be applicable to Broward County. See, AGO 85-100, wherein this office concluded that the provisions of Part I of Ch. 553, F.S., controlled within Broward County, notwithstanding the earlier enactment of Ch. 71-575, Laws of Florida, and that such provisions of Ch. 553 controlled as a later expression of legislative intent, citing, inter alia, Broward County Board of Rules and Appeals v. Rush Hampton Industries, 332 So.2d 666 (4 D.C.A. Fla., 1976). That same Attorney General Opinion concluded that Part VI of Ch. 553 is, by operation of law, made a supplementary part of and is incorporated by reference into the building code in effect in Broward County, i.e., the SFBC. Accordingly, the provisions of Part VI of Ch. 553 fully apply within Broward County, specifically s. 553.73, F.S., as amended.
As noted above, s. 553.73, F.S., as amended, states that the fire safety standards, as enumerated in the State Minimum Building Codes which are adopted pursuant to that section, shall not be superseded or supplemented except as enumerated in subsection (3) of s. 553.73 and s. 633.05(8), F.S. Section 553.73 allows local governments and "state agencies with building construction regulation responsibilities" (e.s.) to provide for more stringent requirements than those specified in the State Minimum Building Codes under certain conditions. I am not persuaded that the State Fire Marshal is such an agency. Part VI, Ch. 553, F.S., as amended, does not define the term "state agency with building construction regulation responsibilities" for its purposes and my research of the legislative history failed to reveal any evidence of legislative intent which would clarify this issue; nor does it appear that the parameters of this provision have been judicially determined. However, pursuant to subsection (2) of s. 553.73, supra, "[e]ach local government and state agency with building construction regulation responsibilities shall adopt one of the State Minimum Building Codes as its building code. . . ." (e.s.) I am advised that the State Fire Marshal has not adopted such a code. See also, s. 553.73(1)(a), F.S., which requires local governments and state agencies with building construction regulation responsibilities to adopt a building code which shall cover all types of construction; such code shall include the provisions of Parts I-VII, Ch. 553, F.S., relating to plumbing, electrical requirements, glass, manufactured buildings, accessibility by handicapped persons and thermal efficiency. And see, s. 553.73(5), F.S., stating, inter alia, that it shall be the responsibility of each state agency with statutory authority to regulate building construction to enforce the specific model code of the State Minimum Building Codes adopted by that agency in accordance with s. 553.80. While the State Fire Marshal is granted the authority in s. 633.085(3), F.S., to ensure that "[a]ll construction of any new, or renovation, alteration, or change of occupancy of any existing, state-owned or state-leased space shall comply with the uniform firesafety standards . . .", I cannot state that the grant of a power to regulate a specifically defined, limited aspect of construction is sufficient to place the *2190 State Fire Marshal under the broad rubric "state agency with building construction regulation responsibilities," especially in light of the provisions of s. 553.73, supra, setting forth the responsibilities and duties of such state agencies with building construction regulation responsibilities. See, Weitzel v. State, 306 So.2d 188
(1 D.C.A. Fla., 1974) (words, phrases, clauses may not be construed in isolation, but on the contrary statute must be construed in its entirety); State v. Rodriguez, 365 So.2d 157
(Fla. 1978) (entire statute must be considered in determining legislative intent); Shuman v. State, 358 So.2d 1333 (Fla. 1978) (legislative intent should be ascertained from an examination of statute as a whole rather than any one part thereof). Cf., s.633.01(3) and (5), s. 633.05(3), (5), (6), and s. 633.085(4), F.S. As a general proposition, the Department of General Services has jurisdiction over the construction of state buildings. See, AGO's 83-88; 76-114; 75-170. See also, s. 255.25(1), F.S., providing that no state agency shall construct a building for state use unless prior approval of the architectural design and preliminary construction plans is first obtained from the Division of Building Construction of the Department of General Services. Accordingly, in the absence of legislative or judicial clarification, I am unable to conclude that the State Fire Marshal is a "state agency with building construction regulation responsibilities" within the contemplation of s. 553.73; however, the Legislature may wish to consider reviewing the foregoing provisions to clarify its intent.
The second exception stated in s. 533.73(8), F.S., referring to s. 633.05(8), F.S., does not apply to the issue raised by your inquiry, since you inquire about the status of the "minimum fire safety standards," as opposed to the "uniform fire safety standards," contained in the State Fire Code. Section 633.05(8), as amended by Ch. 86-87, Laws of Florida, authorizes establishment of "uniform firesafety standards" by rule to apply to a definite list of categories of occupancies. See, discussion in AGO 86-81 of s. 633.05(8) and Rule 4A-3.009(16) and 4A-3.009(4) (uniform fire safety standards and minimum fire safety standards). See also, Rule 4A-3.002(4). By express legislative direction contained in Ch. 86-191, Laws of Florida, the uniform fire safety standards can supersede or supplement fire safety standards of any of the state minimum building codes, i.e., the SFBC. See, AGO 86-81. However, no provision is made for the minimum fire safety standards to do so. Therefore, in view of the above construction of the express language of the 1986 amendment to s. 553.73(8), it appears that the fire safety standards of the South Florida Building Code cannot be superseded, displaced or supplemented by the "minimum fire safety standards" of Ch. 4A-3, F.A.C. This conclusion is supported by the legislative history of Ch. 86-191, Laws of Florida. See, tape of meeting of the Florida House of Representatives Committee on Natural Resources, June 5, 1986.
In summary, it is my opinion that, in view of the 1986 amendment to s. 553.73(8), F.S., the fire safety standards enumerated in the South Florida Building Code (1983 ed., with accumulated 1984 amendments) cannot be superseded or supplemented by the "minimum fire safety standards" adopted in Ch. 4A-3, F.A.C., and such standards enumerated in the South Florida Building Code control within the City of Hollywood, Broward County.
Sincerely,
Jim Smith Attorney General
Prepared by:
John Rosner Assistant Attorney General