Mr. Frank Colleran Fire Marshal City of Fort Lauderdale 301 North Andrews Avenue Fort Lauderdale, Florida 33301
Dear Mr. Colleran:
You have asked for my opinion on the following questions:
1. Do the requirements of the Uniform Fire Code adopted under Ch.633, F.S., supersede the requirements of the South Florida Building Code adopted under s. 553.73, F.S.?
2. What is the effect of ss. 553.73(8)(a), and 633.025(1), F.S., on this issue?
In sum:
1. The provisions of s. 633.022(1)(b), F.S., prescribe uniform firesafety standards for residential and nonresidential child care facilities throughout the state and must be enforced by local authorities within their firesafety jurisdiction. These provisions supersede those of local building codes for those buildings and structures specified in s. 633.022(1), F.S.
2. Section 553.73(8)(a), F.S., prescribes a procedure for the resolution of conflicts between the applicable minimum building code and the applicable minimum firesafety code. Thus, by its terms, the procedure described therein does not apply to the uniform fire-safety standards prescribed by s. 633.025, F.S.
You are the Chairman of the Fire Code Committee of Broward County. By motion, the members of the committee have asked that you request an Attorney General Opinion on these issues as they relate to child care facilities. I have determined that your questions are interrelated and they will be answered together.
Section 633.022, F.S., authorizes the Department of Insurance, whose head acts as the State Fire Marshal,[1] to establish "uniform firesafety standards." As stated in the expression of legislative intent for the enactment of s. 633.022, F.S.:
The Legislature hereby determines that to protect the public health, safety, and welfare it is necessary to provide for firesafety standards governing the construction and utilization of certain buildings and structures. The Legislature further determines that certain buildings or structures, due to their specialized use or to the special characteristics of the person utilizing or occupying these buildings or structures, should be subject to firesafety standards reflecting these special needs as may be appropriate.[2] In recognition of these special needs, the Department of Insurance is required to establish uniform firesafety standards for "residential and nonresidential child care facilities[.]"[3]
Section 633.022, F.S., requires that the department develop uniform statewide standards which take into consideration the characteristics of the people utilizing these buildings and structures and other hazards which may be associated with such buildings and structures throughout the state. Further, with regard to the applicability of these standards:
A local authority may not require more stringent uniform firesafety standards with respect to buildings or structures subject to such standards.
A local authority may, on a case-by-case basis, in order to meet special situations arising from historic, geographic, or unusual conditions, with respect to a building or structure which is subject to the uniform firesafety standards, authorize equivalent alternative standards for such building or structure; however, the alternative requirements shall not result in a level of protection to life, safety, or property less stringent than the applicable uniform firesafety standards. All such local authorities shall enforce, within their firesafety jurisdiction, the uniform firesafety standards for those buildings specified in paragraph (1)(b) and the minimum firesafety standards for mental health and alcohol treatment centers as adopted pursuant to ss. 394.879 and 396.176.[4]
Thus, the provisions of s. 633.022, F.S., represent uniform, statewide provisions for firesafety which may not be deviated from by local authorities, except in particular cases where historic, geographic, or other unusual conditions create the necessity for equivalent alternative requirements.
Pursuant to s. 633.021(24), F.S., a "uniform firesafety standard" is defined as a requirement or group of requirements for the protection of life and property from loss by fire which shall be met by every building and structure specified in s. 633.022(1), and is neither weakened nor exceeded by law, rule, or ordinance of any other state agency or political subdivision or county, municipality, or special district with firesafety responsibilities.
This is to be contrasted with a "minimum firesafety standard" which is a requirement or group of requirements adopted pursuant to s. 633.025 by a county, municipality, or special district with firesafety responsibilities, or by the State Fire Marshal pursuant to ss. 394.879 and 396.176, for the protection of life and property from loss by fire which shall be met, as a minimum, by every occupancy, facility, building, structure, premises, device, or activity to which it applies.[5]
The South Florida Building Code was adopted as the standard for Broward County by Ch. 71-575, Laws of Florida. Pursuant to s.553.73, F.S., local governments are required to adopt such a building code to "cover all types of construction."[6] This office has previously determined that the provisions of s. 553.73, F.S., relating to incorporation of certain state minimum building codes, expressly control as a later expression of legislative intent notwithstanding any provisions of Ch. 71-575, Laws of Florida.[7]
Section 553.73(8), F.S., sets forth a procedure to be utilized when the provisions of the applicable minimum building code and the applicable minimum firesafety code conflict. This procedure requires that the local building code enforcement official and the local fire code enforcement official resolve the conflict by agreement in favor of the requirement of the code which provides the greatest degree of lifesafety or alternatives which would provide an equivalent degree of lifesafety and an equivalent method of construction.[8] However, the statute specifically provides that this procedure is to be utilized in cases involving the minimum firesafety code, not the uniform firesafety standards set forth in s. 633.022, F.S.
Thus, with regard to "residential and nonresidential child care facilities," the uniform firesafety standards set forth in s.633.022(1)(b), F.S., must be enforced by local authorities within their firesafety jurisdiction and supersede local code provisions for those buildings and structures set forth in the statute.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] See, s. 633.01(1)(b), F.S., designating the head of the Department of Insurance as the "State Fire Marshal."
[2] Section 633.022, F.S.
[3] Section 633.022(1)(b), F.S.
[4] Section 633.022(2)(b), F.S.
[5] Section 633.021(14), F.S.
[6] Section 553.73(1)(a), F.S.
[7] See, AGO 85-100 (the provisions of part I of ch. 553, specifically s. 553.08, relating to plumbing inspection fees, apply within the City of Lauderdale Lakes, notwithstanding the enactment of ch. 71-575, Laws of Florida, and the provisions of s. 553.11, F.S.). And see, Albury v. City of Jacksonville Beach,295 So.2d 297 (Fla. 1974) (last expression of legislature will prevail in cases of conflicting statutes); Laramore v. State, 342 So.2d 90
(1 D.C.A. Fla., 1977); Broward County Board of Rules and Appeals v. Rush Hampton Industries, 332 So.2d 666 (4 D.C.A. Fla., 1976) (holding that general law provisions on state minimum building codes [ch. 74-167] had effect of impliedly repealing provisions of special act [ch. 71-575] relating to method or procedure of appellate review of county order, and that Legislature intended a general revision of the subject matter of area building codes such that statewide minimum standards and uniformity are required); AGO's 73-331, 78-86, and 84-102.
[8] Section 553.73(8)(a), F.S.