Dear Mr. Smith:
As clerk of the circuit court for Putnam County, you ask substantially the following question:
 In light of the recent amendment to section 28.241(1)(a)1.b., Florida Statutes, by section 5, Chapter 2009-61, Laws of Florida, is a clerk of court required to assess a filing fee for the filing of a petition for a domestic violence injunction despite the language of section 741.30(2)(a), Florida Statutes, which prohibits the assessment of filing fees for such petitions?
In sum:
 In light of the specific prohibition in section 741.30(2)(a), Florida Statutes, the clerk of court may not assess a filing fee for the filing of a petition for a domestic violence injunction.
Section 741.30(2)(a), Florida Statutes provides:
 "Notwithstanding any other provision of law, the assessment of a filing fee for a petition for protection against domestic violence is prohibited effective October 1, 2002. However, subject to legislative appropriation, the clerk of the circuit court may, on a quarterly basis, submit to the Office of the State Courts Administrator a certified request for reimbursement for petitions for protection against domestic violence issued by the court, at the rate of $40 per petition. The request for reimbursement shall be submitted in the form and manner prescribed by the Office of the State Courts Administrator. From this reimbursement, the clerk shall pay any law enforcement agency serving the injunction the fee requested by the law enforcement agency; however, this fee shall not exceed $20." (e.s.)
During the 2009 legislative session, however, the Legislature in section 5, Chapter 2009-61, Laws of Florida, amended section 28.241, Florida Statutes, to provide:
 "1.a. Except as provided in sub-subparagraph b. and subparagraph 2., the party instituting any civil action, suit, or proceeding in the circuit court shall pay to the clerk of that court a filing fee of up to $395 in all cases in which there are not more than five defendants and an additional filing fee of up to $2.50 for each defendant in excess of five. . . . b. The party instituting any civil action, suit, or proceeding in the circuit court under chapter 39, chapter 61, chapter 741, chapter 742, chapter 747, chapter 752, or chapter 753 shall pay to the clerk of that court a filing fee of up to $295 in all cases in which there are not more than five defendants and an additional filing fee of up to $2.50 for each defendant in excess of five.
. . ." (e.s.)
Due to the amendment to section 28.241(1)(a), Florida Statutes, the question has been raised as to whether a clerk is now required to charge a filing fee for a petition for protection against domestic violence.
While the rules of statutory construction provide that the last adopted expression of the Legislature will generally prevail in the case of two statutory provisions that cannot be reconciled, [1] it is also a rule of construction that the specific provision will control over the more general provision.[2] As the Florida Supreme Court recognized inAmerican Bakeries Company v. Haines City, [3] the rule of construction that last in time prevails is inapplicable where precedent act is special or particular and subsequent act is general, as later general act does not repeal former particular statute. Moreover, it is well settled that legislative intent is the polestar that guides a court's statutory construction analysis.[4]
A review of the legislative records surrounding the enactment of Chapter 2009-61, Laws of Florida, did not reveal any evidence that the Legislature intended to remove the prohibition against imposing a filing fee for domestic violence protection petitions. Rather, an examination of the statute indicates that the legislation was intended to increase certain fees for filing civil actions. As reported in the Summary of Conference Committee Action, the increased fees were to be imposed except for family law cases in Chapters 39, 61, 741, 742, 747, 752 or 753, Florida Statutes.[5]
Accordingly, in light of the above and the plain language of section 741.30(2), Florida Statutes, which clearly prohibits the imposition of such a fee "[n]otwithstanding any other provision of law," I am of the opinion that the recent amendment to section 28.241(1)(a)1.b., Florida Statutes, by section 5, Chapter 2009-61, Laws of Florida, does not require a clerk of court to assess a filing fee for the filing of a petition for a domestic violence injunction. However, in light of the confusion raised by the 2009 legislation, the Legislature may wish to clarify its intent on this issue.
Sincerely,
Bill McCollum Attorney General
BM/tjw
[1] See, e.g., Askew v. Schuster, 331 So. 2d 297 (Fla. 1976);Florida Association of Counties, Inc. v. Department of Administration,Division of Retirement, 580 So. 2d 641 (Fla. 1st DCA 1991),approved, 595 So. 2d 42 (Fla. 1992) (general rule is that in cases of conflicting statutory provisions, latter expression will prevail over former).
[2] See, e.g., McKendry v. State, 641 So. 2d 45 (Fla. 1994); Gretz v.Florida Unemployment Appeals Commission, 572 So. 2d 1384 (Fla. 1991) (specific statute stating no fee for transcript preparation in unemployment compensation appeals controls over general statute requiring agency to provide transcripts at actual cost); Barnett Banks,Inc. v. Department of Revenue, 738 So. 2d 502 (Fla. 1st DCA 1999).
[3] 180 So. 524 (Fla. 1938). And see Alford v. Duval County SchoolBoard, 324 So. 2d 174 (Fla. 1st DCA 1975), stating that while statutes may be impliedly as well as expressly repealed, the enactment of a statute does not operate to repeal by implication prior statutes, unless such is clearly the legislative intent and that the mere fact that a later statute relates to matters covered in whole or in part by a prior statute does not cause a repeal of the older statute.
[4] See State v. Rife, 789 So. 2d 288, 292 (Fla. 2001); McLaughlin v.State, 721 So. 2d 1170, 1172 (Fla. 1998).
[5] See Summary of Conference Committee Action on CS/SB 1718, dated May 6, 2009,
(http://www.flsenate.gov/data/session/2009/Senate/bills/analysis/ConferenceReports/2009s1718.conf.pdf),

stating:
 "Except for family law cases in chapters 39, 61, 741, 742, 747, 752, or 753, the bill increases the circuit civil filing fee from $295 to $395 and directs the increase to be deposited in the State Courts Revenue Trust Fund."
And see Title to Ch. 2009-61, Laws of Fla., stating that the bill
"amending s. 28.241, F.S.; increasing the maximum filing fee for certain civil actions; providing for a portion of circuit court filing fees to be deposited in the State Courts Revenue Trust Fund; eliminating a requirement for the clerk of court to remit a portion of excess filing fees to the Department of Revenue; prescribing a maximum filing fee for certain family law actions; providing for the distribution of such fee; providing for the payment of graduated filing fees in certain real property or mortgage foreclosure actions; providing a manner for valuing mortgage foreclosure claims; prescribing graduated filing fees based on the value of the claim; requiring a fee for filing a pleading for relief by counterpetition; providing for the payment of graduated filing fees for certain real property or mortgage foreclosure pleadings for relief by cross-claim, counterclaim, counterpetition, or third-party complaint; prescribing graduated filing fees based on the value of the pleading; providing for remittance of fees by the clerk of court and for deposit into specified funds; eliminating a requirement for the clerk of court to remit a portion of fees collected to the Department of Revenue for deposit into a specified trust fund;. . . ."
See also s. 28.241(1)(b)(18), Fla. Stat., as amended, which indicates that the Legislature still recognized that there were cases for which no filing fee was to be imposed, by providing:
"A party reopening any civil action, suit, or proceeding in the circuit court shall pay to the clerk of court a filing fee set by the clerk in an amount not to exceed $50. . . . A party is exempt from paying the fee for any of the following:
 * * * 18. Cases in which there is no initial filing fee."